WILLIAM L. COOKE, TRUSTEE OF HIS WIFE, vs. SAMUEL P. NEWELL.

SAMUEL P. NEWELL vs. WILLIAM L. COOKE.

An attorney has no legal claim upon a husband for services and disbursements in defending his wife against a suit brought by him for divorce.

The only mode of securing payment from the husband in such a case, is by an order of court for a sufficient allowance for the purpose.

Where the wife is a respondent in a divorce suit the court usually makes such an order upon the husband.

Where an attorney held in his hands certain funds, being the wife's distributive share of her father's estate, of which he was administrator, and the husband as statutory trustee of the wife brought suit against him for the same, it was held that it was not a sufficient accounting on his part to show that he had expended the funds in defending her against her husband's suit for divorce.

Property held by the wife to her sole and separate use may be subjected by her sole act to a charge for such expenses for her benefit; but property vesting by the statute in the husband as trustee of the wife is not held by him in trust for her sole and separate use.

Cooke *v.* Newell.

Two ACTIONS of assumpsit, pending in the Superior Court for Hartford County, and referred to the Hon. *O. S. Seymour* as an arbitrator. The facts are sufficiently stated in the award.

### JUDGE SEYMOUR'S OPINION.

These suits were submitted to me as arbitrator. The facts so far as they bear upon the controverted points of law are as follows :

Mr. Newell is brother of Mrs. Cooke. He was administrator on their father's estate. Mrs. Cooke's distributive share of the estate was sold by Mr. Newell and the proceeds of the sale were by consent of all the parties left in his hands.

In the action by Mr. Cooke as trustee he seeks to recover these proceeds from Mr. Newell.

In the action against Mr. Cooke Mr. Newell seeks to recover among other things for services rendered and for money expended as an attorney in the defence of Mrs. Cooke against three petitions for divorce brought by Mr. Cooke against her.

Mr. Newell also claims, if he cannot in his action at law recover for these services and expenses, that Mrs. Cooke's property left in his hands as before stated has been appropriated by him in her defence in the divorce suits, and that such appropriation is lawful and a good accounting, by way of answer to Mr. Cooke's suit as trustee.

The petitions for divorce were all successfully defended. The services rendered by Mr. Newell were valuable to Mrs. Cooke and in fact indispensable for the protection of her good name and for the preservation of her rights as a married woman.

In regard first to Mr. Newell's action against Mr. Cooke. I regard it as settled law in Connecticut that no recovery can be had of the husband for these services and expenses.

In *Shelton* v. *Pendleton*, 18 Conn. R., 421, the wife brought her petition for divorce, which was granted. Her counsel sought to recover of her husband his fees and disbursements, and it was decided that he could not recover.

In divorce cases where the wife is respondent the court before which the petition is pending makes an allowance to the

wife for counsel fees and expenses. This allowance is usually adequate, and must I think be treated as a bar to further claims upon the husband in that behalf. Such fees and expenses are not regarded in law as necessaries, for furnishing which to the wife an implied contract arises against the husband.

It is true that in 31 Conn. R., 303, *Munson* v. *Washband*, some doubt seems to be cast upon the authority of the case of *Shelton* v. *Pendleton* in its bearing on this question, but I think the profession has accepted *Shelton* v. *Pendleton* as settling the law in Connecticut, for cases are daily occurring where counsel are employed by married women in divorce suits and no effort to my knowledge has been made since that case was decided to charge the husband beyond the allowance ordered by the court.

Mr. Newell claims, in the second place, that the property of Mrs. Cooke in his hands may properly be applied to meet the expenses incurred by her in the divorce suits. Property held by the wife "to her sole and separate use" may without doubt be subjected by her sole act to meet these and similar expenses for her benefit. But the property in Mr. Newell's hands came to the wife during coverture as the proceeds of her share of her father's intestate estate. The status of this property depends therefore upon the statute on that subject. It is by the statute vested in the husband "in trust for the wife." If this were all, these words might admit of being construed as " in trust for the sole and separate use of the wife," but the next section of the statute provides that the husband shall be entitled to the rents, profits and interest of such estate during his life.

The question resolves itself into this—whether the wife can by her own act charge these funds with the expense of a contest with her husband.

At common law the funds so far as derived from personal estate would vest absolutely in the husband; so far as derived from the sale of real estate he would at common law have in it at least a life estate. The statute *limits* the rights of the husband in his wife's property, but does not deprive him of

all right. It leaves him the income and profits of it, and, except so far as specially restrained, he has the care, management and control of it during his life. The trust is therefore not " to the sole and separate use of the wife, free from the control of her husband." She has not that control of it which she has in equity of her separate estate. Notwithstanding therefore there is a natural equity in support of Mr. Newell's claim, I do not feel at liberty to allow it. Mrs. Cooke cannot by her own act affect Mr. Cooke's rights and interests in the property.

[A portion of the award which deals only with certain questions of fact is omitted.]

O. S. SEYMOUR.

LITCHFIELD, July 20th, 1874.

---

## RULE

Adopted by the Supreme Court of Errors at Bridgeport, at the October Term, 1874, for Fairfield County.

---

No cause will be heard unless the full record to be used in the trial is printed and delivered to the court at the opening of the term; and printed briefs must be furnished in all cases to be tried.

J. D. PARK, C. J.