CLARKE and another, Appellants, vs. BURKE, Respondent.

*February 5 — February 23, 1886.*

*Husband and wife: Action by wife for divorce: Attorney's fees: Necessaries.*

> In the absence of a promise by the husband to pay therefor, an attorney cannot maintain an action against him for services rendered to the wife in an action brought by her for a divorce on the ground of cruel and inhuman treatment. Such services are not necessaries. *Warner v. Heiden,* 28 Wis. 517, distinguished.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced in justice's court. The complaint was to the effect that July 31, 1885, the plaintiffs, as attorneys at law and copartners, and at the special instance and request of the defendant's wife, rendered professional services for her in and about procuring a divorce from the defendant on the ground of cruel and inhuman treatment, and an injunctional order prohibiting the defendant from using personal violence on his wife, and other work and professional services. The defendant answered by a general denial. Upon the trial before the justice the plaintiffs recovered judgment for $200 and costs, from which the defendant appealed to the county court.

"Upon the case coming on for trial in that court, the de-

fendant demurred *ore tenus.* Thereupon the plaintiffs 'asked leave to file an amended complaint, showing, among other things, that the services were rendered, and the action for divorce commenced, on the ground of cruel and inhuman treatment practiced by personal violence by the defendant upon his wife, and that it was necessary to bring the action for her protection.' The request was granted, with the statement by the judge: 'I will allow the amendment to be made, because I do not consider that it makes any difference what the allegations in the complaint are.'

" The complaint was then amended by inserting additional allegations to the effect that the defendant, July 25, 1885, without cause or provocation, struck, beat, and ill treated his wife, and drove her from their home without any means or money, and without a place of habitation or shelter, and that for personal safety she was obliged to and did remain away from their home in a destitute condition until August 4, 1885, when the defendant caused a settlement to be made between himself and his wife without the knowledge or consent of the plaintiffs, and thereafter the wife refused to further prosecute the action, and dismissed it; that the services were necessary for the maintenance of the wife, and to secure her lawful rights, and to protect her from further personal injury, and were fully performed without negligence or delay. The court sustained the objection to the admission of any evidence, and excluded any testimony under the complaint as amended, and directed a verdict for the defendant, and from the judgment entered thereon the plaintiffs appeal."

There were briefs by *Clarke & McAuliffe,* plaintiffs in person, and oral argument by *Mr. Clarke.* They cited *Warner v. Heiden,* 28 Wis. 517; *Preston v. Johnson,* 65 Iowa, 285; *Glenn v. Hill,* 50 Ga. 94–96; *Sprayberry v. Merk,* 30 id. 81; *Handy v. Stockbridge,* 62 Md. 422; *Porter v. Briggs,* 38 Iowa, 166; *Gosset v. Patten,* 23 Kan. 340–342.

For the respondent there was a brief signed by *E. P. Smith*, of counsel, and *Nath. Pereles & Sons*, attorneys, and the cause was argued orally by *Mr. J. M. Pereles*.

CASSODAY, J.   During the pendency of the action for divorce it was competent for the court in that action to require the husband to pay such sums for the support of the wife, and to enable her to carry on the action, *as in its discretion* might have been deemed necessary and proper. Sec. 2361, R. S.   This statute has frequently received a very liberal construction from this court.   Upon such construction there can be no doubt that the plaintiffs, as attorneys rendering services in good faith in prosecuting an action for divorce for a meritorious cause, might in that action have secured proper compensation notwithstanding any attempt to deprive them of it by a collusive settlement.   But they would not have been entitled to such compensation, even in that action, as a matter of right, but only in the sound discretion of the court under all the circumstances.   Expenses in prosecuting an action may under certain circumstances be wholly refused.   *Coad v. Coad*, 40 Wis. 392; *Friend v. Friend*, *post*, p. 412.   So, under other circumstances, the husband may be required to pay the expense of prosecution, even where the wife fails to maintain her action and her complaint is dismissed.   *Sumner v. Sumner*, 54 Wis. 642. This results from the fact that there was no right to such expenses at common law.   The courts of this state only have such powers in such actions as are given to them by statute.   This has frequently been decided by this court. As we have seen, this power is discretionary.   Accordingly it has been held that a claim for alimony is not the subject matter of a separate suit, but only ancillary to or an incident of an action for divorce.   *Damon v. Damon*, 28 Wis. 514.   So it was said in *Campbell v. Campbell*, 37 Wis. 216, 217,

that alimony is not an estate, but merely " an allowance for the nourishment of the wife, resting in discretion, variable and revocable. . . . It is not even separate property of the wife, which she can charge for her debts; . . . and even the payment of arrears of it rests in the discretion of the court granting it. . . . And so, by all the authorities, alimony is not only not an estate, but is a mere personal duty of the husband, which courts will control and enforce, from time to time, in their discretion,— in some sense a charge upon the husband personally, but in no sense a charge upon his estate, if he have one." To the same effect is *Bacon v. Bacon*, 43 Wis. 203, 204. As " a claim for alimony is not the subject matter of a separate suit, but only ancillary to or an incident of an action for divorce," so it would seem that, under the section of the statute cited, a claim against the husband in behalf of the wife for money " to enable her to carry on or defend the action " of divorce is the mere incident of the divorce action, and hence not the subject matter of a separate suit, whether brought by the wife or the attorneys whom she may have employed. *Williams v. Monroe*, 18 B. Mon. 518.

As has been observed, the right to such suit money, as well as alimony, is, under the statute, wholly within the sound discretion of the court. Such was undoubtedly the rule in the ecclesiastical courts of England having cognizance of such actions. But this is an action at law. It invokes no discretionary aid, and there is no authority in this action to exercise any. If the plaintiffs can recover, it is because they have a valid claim against the husband, as a matter of right. There is no pretense of any express promise or agreement on the part of the husband to pay the plaintiffs for the services rendered. There is no claim that the wife had any express authority to bind her husband to make such payment. The simple claim is that the services

rendered were necessary to protect the peace, comfort, and rights of the wife, and hence that there was in law an implied promise on the part of the husband to pay.

In support of this, counsel rely upon *Warner v. Heiden*, 28 Wis. 517. That was not an action of divorce. The services were there rendered in defending the wife against the prosecution by the husband to compel her to find sureties to keep the peace, and in which the husband failed to sustain the charges brought against her. The case obviously rests upon different principles than the one before us. In fact, the opinion of the court in that case expressly distinguishes it from divorce cases. The right of action against the husband for such services rendered for the wife, when prosecuted by the husband to keep the peace, or to protect her from personal violence, as for necessaries, has been conceded in many cases where the right of action against the husband for services rendered for the wife in an action for divorce has been denied. *Wing v. Hurlburt*, 15 Vt. 614; *Shelton v. Pendleton*, 18 Conn. 423; *Williams v. Monroe*, 18 B. Mon. 514; *Conant v. Burnham*, 133 Mass. 503; *Morrison v. Holt*, 42 N. H. 478; *Ray v. Adden*, 50 N. H. 82; *Dow v. Eyster*, 79 Ill. 254.

The reasons for not allowing actions at law for such services in actions of divorce are aptly stated in the Connecticut case cited: "The duty of providing necessaries for the wife is strictly marital, and is imposed by the common law in reference only to a state of coverture, and not of divorce. By that law a valid contract of marriage was and is indissoluble, and therefore by it the husband could never have been placed under obligation to provide for the expenses of its dissolution. Such an event was a legal impossibility. Necessaries are to be provided by a husband for his wife, to sustain her *as his* wife, and not to provide for her future condition as a single woman, or perhaps as the wife of another man." To the same effect are *Williams v. Monroe*,

*supra; Morrison v. Holt, supra; Ray v. Adden, supra; Dow v. Eyster, supra.* Upon this theory, the right of action at law against the husband, and in favor of attorneys who have rendered services for the wife in actions of divorce, has frequently been denied. *Wing v. Hurlburt, supra; Shelton v. Pendleton, supra; Dorsey v. Goodenow,* 1 Wright (Ohio), 120; *Johnson v. Williams,* 3 G. Greene, 98; *McCullough v. Robinson,* 2 Ind. 630; *Coffin v. Dunham,* 8 Cush. 404; *Williams v. Monroe, supra; Morrison v. Holt, supra; Ray v. Adden, supra; Thompson v. Thompson,* 3 Head, 527; *Pearson v. Darrington,* 32 Ala. 229; *Dow v. Eyster, supra.* There are cases holding that such an action may be maintained; but, upon the principles indicated, we decline to follow them, especially in view of our statutes.

It follows from what has been said that the plaintiffs have mistaken their remedy, which could only have been had in the divorce action, if at all.

*By the Court.* — The judgment of the county court is affirmed.