JOHN O. YEISER V. HUGH LOWE.

FILED JANUARY 8, 1897. No. 6909.

1. **Divorce:** ACTION FOR ATTORNEYS' FEES. Under section 12, chapter
   25. Compiled Statutes, the allowance of attorney's fees to the coun-
   sel of the wife is ancillary to or an incident of the action for di-
   vorce, and a separate suit cannot be maintained against the hus-
   band by such attorney to recover for his professional services
   therein rendered to the wife.

2. **Attorneys' Liens:** ENFORCEMENT. An attorney's lien cannot be en-
   forced where there is not anything to which such lien can attach.

ERROR from the district court of Douglas county.
Tried below before OGDEN, J. *Affirmed.*

*John O. Yeiser, pro se.*

*Osborn & O'Hanlon, contra.*

NORVAL, J.

John O. Yeiser is an attorney at law, and as such he
was employed, in 1891, to commence and prosecute a suit
for divorce and alimony in the district court of Burt
county by Eliza Jane Lowe against her husband, the

defendant herein.   Mr. Yeiser instituted such suit for
the wife on August 6, 1891, and on the 17th day of the
same month the defendant filed an answer denying each
and every allegation of the petition, except the marriage
of the parties.   On August 28, 1891, Mr. Yeiser filed in
the case a claim for lien for services in the sum of $1,000,
but the defendant had no notice thereof until more than
a year afterwards.   Application was made in the cause
for alimony *pendente lite*, which was overruled.   Subse-
quently, on September 10, 1891, Mr. Yeiser, at the request
of his client, drew an unconditional dismissal of the case,
which was filed in court and the action dismissed.  Plaint-
iff brought this action against the husband to recover
for his legal services rendered in the divorce proceeding.
From a judgment for the defendant, plaintiff prosecutes
error.

The record shows that the defendant never employed
plaintiff or agreed to pay him for his services; that the
dismissal of the divorce suit was not the result of any
settlement between the husband and wife, or collusion
between them.   She received nothing from her husband
as a condition of withdrawing the action, nor did he ever
promise to give her anything therefor.   It does not ap-
pear that the grounds stated in the petition for divorce
were true.   The main question in the case is whether,
under the facts disclosed by this record, defendant is
liable in an action at law to an attorney for services ren-
dered to the wife of the former in prosecuting the action
for divorce.   We do not think that he is.   In an action
for divorce, under section 12, chapter 25, Compiled Stat-
utes, it is competent for the court to "require the husband
to pay any sum necessary to enable the wife to carry on
or defend the suit during its pendency   *   *   *   and
award execution for the same."   This section of the stat-
ute was construed in *Burnham v. Tizard*, 31 Neb., 781, and
it was held that the allowance of attorney's fees to the
wife's counsel is only ancillary to or an incident of an
action for divorce, and a separate suit cannot be main-

tained therefor by the attorney; in other words, that the remedy given by statute is exclusive. This principle is sustained by the weight of authority. (Schouler, Domestic Relations, sec. 91; Bishop, Marriage & Divorce [4th ed.], sec. 391;· *Williams v. Monroe*, 18 B. Mon. [Ky.], 518; *Clarke v. Burke*, 65 Wis., 359; *Wing v. Hurlburt*, 15 Vt., 614; *Shelton v. Pendleton*, 18 Conn., 417; *McCullogh v. Robinson*, 2 Ind., 630; *Coffin v. Dunham*, 8 Cush. [Mass.], 404; *Morrison v. Holt*, 42 N. H., 478; *Ray v. Adden*, 50 N. H., 82; *Dow v. Eyster*, 79 Ill., 256; *Pearson v. Darrington*, 32 Ala., 229.) There are some cases holding that such an action may be maintained, but most of them were not decided under statutes like ours, and we refuse to follow their lead. As to whether an attorney who commences an action for a divorce for a wife against her husband can maintain a separate suit against the husband for his services in case the divorce proceedings are dismissed by collusion of the husband, we are not called upon to express an opinion, as no such question is presented by the record.

It is strenuously insisted by the plaintiff that at common law a husband is liable for necessaries furnished his wife, and that the common law of England is in force in this state; hence the law implies a promise on the part of the husband to pay plaintiff for the legal services rendered to the wife. The fallacy of this argument is in the conclusion drawn from the premises stated. True, a husband, while the marriage relation exists, is liable for necessaries provided the wife; but the professional services of plaintiff were not "necessaries" within the common-law meaning of that term. As said by the supreme court of Connecticut in *Shelton v. Pendleton*, 18 Conn., 417, a case like the one at bar: "The common law defines 'necessaries' to consist only of necessary food, drink, clothing, washing, physic, instruction, and a competent place of residence." This definition is not broad enough to include counsel fees, such as were sought to be here recovered. (See cases heretofore cited in this opinion.)

The next contention is that the defendant is liable to plaintiff for the amount of his claim against the wife by reason of the filing in the divorce case the notice of lien already mentioned.    Section 8, chapter 7, Compiled Statutes, declares: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment, upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party." This statute, on compliance with its provisions as to notice, gives an attorney a lien upon the papers and funds in his possession belonging to his client, and upon moneys of his client in the possession of the adverse party in a cause in which the attorney was professionally employed. There was not anything to which an attorney's lien could here attach.    Plaintiff held no papers or money belonging to Mrs. Lowe, nor was any money due his client in the hands of Mr. Lowe.    Had the court in the divorce case made an order requiring the defendant to pay a sum as temporary alimony and attorney's fees, and before the payment therefor, but after notice of Mr. Yeiser's claim for lien, the divorce proceedings, by collusion between the parties, had been dismissed, *Aspinwall v. Sabin,* 22 Neb., 74, might apply.    The question there involved does not arise here.

The views which we have stated make it unnecesary to discuss the alleged errors in the giving and refusing of instructions, since in no view of the case can the action be maintained.    The judgment is

AFFIRMED.