## SEARS el al. v. SWENSON.

Neither Rev. Civ. Code, § 103, making the husband liable for necessaries supplied to his wife, nor sections 90 and 93, authorizing an allowance of attorney's fees to her in an action for divorce, renders a husband liable to an attorney in a suit by his wife for divorce, dismissed before an allowance had been made.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by Frank Sears and another against Kristian Scriver Swenson. From a judgment for plaintiffs, defendant appeals. Reversed.

*Anderson & Waddel,* for appellant.

Fees to the wife's counsel in the institution of divorce proceedings against her husband, can never be considered as coming within the class known as necessaries and for which the husband can be made impliedly liable. Yeister v. Low, Neb. 69 N. W. 847; Shelton v. Pendleton 18 Conn. 417; Clark v. Burke, 65 Wis. 359; Wing v. Hurlbut, 15 Vt. 607; Dorsey v. Goodnow, Wright 120; Coffin v. Dunham, 8 Cuhs. 404; McCullough v. Robinson, 2 Ind. 630; Williams v. Monroe, 18 B. Mon. 514; Johnson v. Williams, 3 G. Greene 97; Dow v. Eyster, 79 Ill. 254; Cooke v. Newell 40 Conn. 596; Ray v. Adden 50 N. H. 82; Bishop on Marriage and Divorce, Sec. 571. 21 Cyc. Page 1221.

No brief filed for respondent.

CORSON, J. This is an appeal by the defendant from a judgment on a directed verdict in favor of the plaintiffs. The action was instituted by the plaintiffs to recover for legal services alleged to have been rendered by the plaintiffs to appellant's wife in instituting an action for divorce by her against him.

It is contended by the appellant that the court erred in directing a verdict against him for the reason that he was not liable to the plaintiffs on account of services so rendered to his wife; and the question therefore presented is: Were the plaintiffs entitled to a verdict against the defendant upon the facts disclosed in this case? It appears from the evidence that in the month of June, 1905, the appellant's wife employed the plaintiffs to commence an action against the appellant for a divorce; that after a series of consultations the plaintiffs commenced said action by preparing and causing to be served upon the appellant a summons and complaint in due form; that at the same time plaintiffs also prepared and caused to be served upon appellant an application for temporary alimony and attorney's fees; that thereafter, and before the hearing upon the application for temporary alimony and attorney's fees, the plaintiffs were by appellant's wife advised that she had decided to drop the case, and said action for divorce was thereupon

dismissed; that the employment of the plaintiffs by appellant's wife was without the knowledge or consent of appellant; that thereafter the plaintiff's sent appellant a bill for legal services rendered to his wife in the sum of $202.80, and demanded payment thereof, which the appellant refused to pay; and therefore the plaintiffs commenced this action to recover the sum so claimed to be due them for the services so rendered to the wife in her said divorce proceedings. The answer of the defendant was a general and specific denial of any and all indebtedness from him to the plaintiffs. There was no conflict in the evidence, and at the conclusion of the same the defendant moved for the direction of a verdict in his favor, which motion was denied, and thereupon the plaintiffs moved the court for the direction of a verdict in their favor, which was granted.

Section 103 of the Revised Civil Code provides: "If the husband neglect to make adequate provisions for the support of his wife except in the cases mentioned in the next section any other person may in good faith supply her with articles necessary for her support and recover the reasonable value thereof from her husband." Section 90 of the same Code provides: "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." And section 93 provides: "The court may require the husband to give reasonable security for providing maintenance, or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver or by any other remedy applicable to the case. * * *" It will thus be seen that, if the husband neglect to make adequate provisions for the support of his wife, any other person may in good faith supply her with articles necessary for her support and recover the reasonable value thereof from the husband. It will be further observed that while an action for divorce is pending the husband may be required to pay, not only alimony to his wife, but also money to prosecute or defend the action. It is quite clear under the authorities that the value of the services rendered by the plaintiffs in instituting the action for dvorce by the wife against her husband cannot be recovered under

the provisions of section 103, as such services cannot be regarded as necessaries for the benefit of the wife within the provisions of that section. Shelton v. Pendleton, 18 Conn. 417; Coke v. Newell, 40 Conn. 596; Coffin v. Dunham, 8 Cush. (Mass.) 404, 54 Am. Dec. 769; Ray v. Adden, 50 N. H. 82; Wing v. Hurlbut, 15 Vt. 607, 40 Am. Dec. 695; Dow v. Eyster, 79 Ill. 254; Yeiser v. Lowe, 50 Neb. 310, 69 N. W. 847; Clarke v. Burke, 65 Wis. 359, 27 N. W. 22; Williams v. Monroe, 18 B. Mon. (Ky.) 514; Morrison v. Holt, 42 N. H. 478; McCullough v. Robinson, 2 Ind. 630; Thompson v. Thompson, 3 Head (Tenn.) 527; 2 Cyc. 1221.

The Supreme Court of Connecticut, in Shelton v. Pendleton, supra, in a case analogous to the one at bar and regarded as a leading case upon this subject, says: "The common law defines necessaries to consist only of necessary food, drink, clothing, washing, physic, instruction, and a competent place of residence." Whittingham v. Hill, Cro Jac. 490; 2 Kent, Com. 124. That learned court then proceeds to give the reasons why at common law such an action cannot be maintained against the husband as follows: "The duty of providing necessaries for the wife is strictly marital, and is imposed by the common law in reference only to a state of coverture, and not of divorce. By that law a valid contract of marriage was and is indissoluble, and therefore by it the husband could never have been placed under obligation to provide for the expenses of its dissolution. Such an event was a legal impossibility. Necessaries are to be provided by a husband for his wife to sustain her as his wife, and not to provide for her future condition as a single woman, or perhaps as the wife of another man."

In Clarke v. Burke, supra, in an action similar to the one at bar, the Supreme Court of Wisconsin, speaking by Mr. Justice Cassoday, says: "During the pendency of the action for divorce it was competent for the court in that action to require the husband to pay such sums for the support of the wife, and to enable her to carry on the action, as in its discretion might have been deemed necessary and proper. Section 2361, Rev. St. This statute has frequently received a very liberal construction from this court. Upon such construction there can be no doubt that the plaintiffs, as attorneys rendering services in good faith in prosecuting an

action for divorce for a meritorious cause, might in that action have secured proper compensation, notwithstanding any attempt to deprive them of it by a collusive settlement. But they would not have been entitled to such compensation, even in that action, as a matter of right, but only in the sound discretion of the court under all the circumstances.   *   *   *   If the plaintiffs can recover, it is because they have a valid claim against the husband as a matter of right. There is no pretense of any express promise or agreement on the part of the husband to pay the plaintiffs for the services rendered. There is no claim that the wife had any express authority to bind her husband to make such payment. The simple claim is that the services rendered were necessary to protect the peace, comfort, and rights of the wife, and hence that there was in law an implied promise on the part of the husband to pay." The learned judge then proceeds to a review of the authorities, and concludes as follows: "There are cases holding that such an action may be maintained; but, upon the principles indicated, we decline to follow them, especially in view of our statutes. It follows, from what has been said, that the plaintiffs have mistaken their remedy, which could only have been had in the divorce action, if at all." In Yeiser v. Lowe, supra, the Supreme Court of Nebraska, in discussing a case similar to the one at bar, uses the following language: "There are some cases holding that such an action can be maintained; but the most of them were not decided under statutes like ours, and we refuse to follow their lead.   *   *   *   It is strenuously insisted by the plaintiffs that at common law the husband is liable for necessaries furnished his wife, and that the common law of England is in force in this state; hence the law implies a promise on the part of the husband to pay plaintiff for legal services rendered to the wife. The fallacy of this argument is in the conclusion drawn from the premises stated. Thus a husband, while the marriage relation exists, is liable for necessaries provided the wife; but the professional services of plaintiff were not necessaries within the common-law meaning of that term." This case and the case of Clarke v. Burke, supra, are in point, for the reason that the Nebraska and Wisconsin statutes contain provisions quite similar, if not identically the same, as those contained in the Code of this state.

In our opinion, therefore, section 90 of the Code gives a remedy to the wife in divorce proceedings which is exclusive, and precludes an attorney from maintaining an action against her husband for such service, unless the same have been properly allowed by the court in which the action is pending; and it is quite clear under the authorities cited that section 93 is not broad enough to include such services under the head of necessaries that may be furnished the wife. We are clearly of the opinion, therefore, that the plaintiffs were not entitled to a verdict in this action, and that the court committed error in directing a verdict in their favor.

The judgment of the circuit court and order denying a new trial are reversed.