DENNIS A. MEAHER *vs.* LEWIS M. MITCHELL.

Cumberland.    Opinion December 9, 1914.

*Contempt.    Divorce.    Husband.    Husband's Credit.    Necessaries.    Professional    Services.    Revised Statutes, Chap. 62, Sec. 6.    Wife.*

In an action of assumpsit on account annexed, brought by an attorney at law to recover for professional services rendered the defendant's wife in divorce proceedings instituted by the husband,

*Held:*

1.  That the plaintiff cannot recover for services in consultations with merchants relating to supplies to be furnished to the wife during separation.   The wife's implied agency or authority to pledge her husband's credit, arising from the marital relation alone, might have covered the supplies furnished, but not the apparently unnecessary services of an attorney for consultations with the parties furnishing them.

2.  That in this State, an attorney cannot maintain an independent action against the husband for legal services rendered and disbursements made in connection with a divorce proceeding instituted by the husband, even though the wife prevails, because of the statutory means otherwise provided for their remuneration.

3.  That under R. S., Chap. 62, Sec. 6, providing that "pending a libel, the Court, or any justice thereof in vacation, may order the husband to pay to the Clerk, for the wife, sufficient money for her defense or prosecution thereof, and enforce obedience by appropriate processes," the wife is guaranteed full and complete relief, is under no necessity of pledging her husband's credit for such expenses, and therefore has no implied power to do so.

4.  That the statutory method of compensating attorneys best protects the interests of all parties, is in accord with sound public policy, and should be deemed exclusive.

On report.    Judgment for defendant.

This is an action of assumpsit upon an account annexed and a special count, both for professional services and disbursements of plaintiff, as the attorney for the wife of the defendant, in proceedings for a divorce.   This action was commenced and entered in the Superior Court for Cumberland County.   Plea, general issue.   At the

conclusion of the evidence, by agreement of the parties, this case was reported to the Law Court for its determination, upon the evidence admitted at the trial without objection, and upon such parts of the evidence offered and objected to as is legally admissible.

The case is stated in the opinion.

*Dennis A. Meaher*, for plaintiff.

*Frank H. Haskell*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J.   The plaintiff, an attorney at law, seeks to recover in this action against the husband for professional services rendered the defendant's wife during divorce proceedings instituted by the husband.   In those proceedings the libellee prevailed and the divorce was not granted.   No express contract on the part of the defendant to pay for the services is alleged or claimed; but the plaintiff rests his case on the broad ground that the services rendered fall within the class of necessaries for which the husband may be held liable in an independent action.

Two small items in the account annexed cover services for consultations with merchants at about the time of separation relating to supplies to be furnished the wife, but the evidence fails to show that these services were in any way necessary.   The wife could have applied directly to these parties for credit, and no reason is given for her not doing so.   There was no necessity of employing an attorney to make the request in her behalf.   The wife's implied agency or authority to pledge her husband's credit, arising from the marital relation alone, might have covered the supplies furnished, but could not be stretched so as to include the apparently unnecessary services of an attorney for consultations with the parties furnishing them. The defendant is not liable for these items.

The balance of the account embraces professional services rendered and disbursements made in the divorce proceeding itself as counsel for the wife, the libellee.   Recovery for these items raises a novel question in this State, although it has been passed upon in many other jurisdictions, and the authorities are not in entire harmony. In Georgia, Iowa, Maryland, West Virginia, Texas, it has been held

that an attorney may recover in an action at law for services so rendered the wife in connection with divorce proceedings, and in most of these States it is immaterial whether she be libelant or libellee. *Sprayberry* v. *Mark,* 30 Ga., 81; *Porter* v. *Briggs,* 38 Iowa, 166; *Preston* v. *Johnson,* 65 Iowa, 285; *Clyde* v. *Peavy,* 74 Iowa, 47; *McCurley* v. *Stockbridge,* 62 Md., 422; *Peck* v. *Marling,* 22 W. Va., 708; *Dodd* v. *Hein,* 26 Tex., Civ. App. 164.

But the overwhelming weight of authority does not sustain this view. In Massachusetts, New Hampshire, Vermont, Connecticut, Illinois, Alabama, Arkansas, Kentucky, Michigan, Missouri, Nebraska, New Jersey, Wisconsin, Washington, the rule of non-liability is asserted and maintained without qualification. *Coffin* v. *Dunham,* 8 Cush., 404, *Morrison* v. *Holt,* 42 N. H., 478; *Ray* v. *Alden,* 50 N. H., 82; *Wing* v. *Hurlburt,* 15 Vt., 607; *Shelton* v. *Pendleton,* 18 Conn., 417; *Cook* v. *Newell,* 40 Conn., 596; *Dow* v. *Eyster,* 79 Ill., 254; *Pearson* v. *Darrington,* 32 Ala., 227; *Kincheloe* v. *Merriman,* 54 Ark., 557; *Willaims* v. *Monroe,* 18 B. Mo., 514; *Wolcott* v. *Patterson,* 100 Mich., 227; *Hamilton* v. *Salisbury,* 133 Mo., App. 718; *Yeiser* v. *Lowe,* 50 Neb., 310; *Westcott* v. *Hinckley,* 56 N. J., 343; *Clarke* v. *Burke,* 65 Wis., 359; *Zent* v. *Sullivan,* 47 Wash., 315, 13 L. R. A., U. S., 244 and 15 A. & E. Ann. Cas. 19, and exhaustive note.

Some Courts have based their decisions upon the broad principle that legal services in divorce proceedings cannot be classed as necessaries for which the husband can be held liable in an independent action, while others admitting the necessity of the employment rely upon the power in the divorce Court conferred by statute to compel the husband, pending the libel and as ancillary thereto, to provide an allowance sufficient to enable the wife to prosecute or defend. We adopt, without hesitation, the rule of non-liability in an independent action, not on the ground that such services cannot be classed as necessaries but because of the statutory means provided for their remuneration. Legal services rendered under some circumstances have been held to be necessaries, *Peaks* v. *Mayhew,* 94 Maine, 571. Were there no statute in this State providing for the allowance of the wife's reasonable expenses so incurred we should hesitate to say that in no case should she be allowed the means with which to protect her property, her good name, and herself. Suppose for instance a husband should bring a libel for divorce charging his wife with adultery.

Should she be left powerless to defend herself, and though innocent, should she be deprived of her good reputation as well as her share of her husband's property from which by a decree of divorce she would be barred? Certainly not. And it was to obviate such an unfortunate and unjust situation that our statute was passed. It reads: "Pending a libel, the Court, or any Justice thereof in vacation, may order the husband to pay to the Clerk, for the wife, sufficient money for her defense or prosecution thereof . . . . and enforce obedience by appropriate processes." R. S., Chap. 62, Sec. 6, (originally Public Laws, 1853, Chap. 30). If the husband refuses to comply with such order, he can be adjudged in contempt and ordered to be committed until he does comply, or execution may issue. *Russell* v. *Russell*, 69 Maine, 336.

This statute guarantees the wife full and complete relief, and provides the avenue through which her prosecution or defense of a libel may be maintained and the services of an attorney may be secured. It follows that, in this State, the wife is under no necessity of pledging her husband's credit for the expenses of prosecuting or defending a libel for divorce, and therefore she has no implied power to do so, and the husband is not liable in an independent action. This rule, which simply enforces the intention of the legislature as expressed in the statute, best protects the rights of all parties, and is in accord with sound public policy. "The divorce Court has before it the parties, their property, their merits and delinquencies, and can fix the amount of the husband's liability to the wife and her attorney on an equitable basis, without any inquiry into collateral facts, and we are satisfied that the rights of all parties will be best subserved by relegating the question of the husband's liability for the attorney's fees of the wife to that tribunal." *Zent* v. *Sullivan*, supra.

The plaintiff has misconceived his remedy, which could have been had only in the divorce proceedings in accordance with a long established practice, the adherence to which is both just and wise.

*Judgment for defendant.*