MURPHY, Respondent, v. MURPHY, Appellant

(228 N. W. 464.)

(File No. 6827.   Opinion filed December 31, 1929.)

*C. H. McCay,* of Salem, and *H. J. Larson,* of Geddes, for Appellant.

*Caster & Baker,* of Lake Andes, for Respondent.

BURCH, J. This is an appeal from an order of the circuit court modifying an order for temporary alimony and counsel fees.

Shortly after the commencement of the divorce proceeding by the wife against her husband, the trial court on December 2, 1927, made an order for temporary alimony, and among other things required defendant to pay to plaintiff's attorneys, Caster & Baker, $50 for attorney fees and expenses during the pendency of the action. Later the parties to the action became reconciled and signed a stipulation for a dismissal of the action. The stipulation was dated May 3, 1928, but was not filed until May 21st. On the 14th of May, 1928, R. C. Baker, on behalf of the firm, applied for and obtained an order to show cause why the order of December 2, 1927, should not be modified so as to require defendant to pay a reasonable attorney fee to Caster & Baker, besides advancements made by them to plaintiff and costs and expenses of suit paid by them. The show cause order was served on defendant's attorneys. Upon the hearing of the show cause order, the court modified the order of December 2, 1927, so as to require defendants to pay to Caster & Baker $125 fees and expenses of litigation instead of $50 as in the earlier order. This order was duly entered and filed on the 3d day of July, 1928, and is the order appealed from. Baker in support of his application filed an affidavit in which he set out that he was informed and believed that plaintiff and defendant had resumed marital relations and had abandoned the action. He then set out facts to support a claim for a larger attorney fee. The facts tend to support and it may be conceded that the attorneys for plaintiff had earned at the time of the application a reasonable fee in the amount subsequently allowed by the court in the modified order appealed from. The sole question presented is the right and power of the court to make and enforce the modified order.

It is apparent that the object of the modification of the order is to compel defendant to pay a reasonable earned fee for the services of plaintiff's attorneys and to reimburse them for expenditures in her behalf. If the action of the court is sustained and the order enforced, the result will be to hold defendant primarily liable for the payment of his wife's attorney's fees and expense of litigation in a divorce action against him, without regard to the result of the action, his fault, or the absence of contract on his part. It amounts to saying that a wife may charge her husband for attorney fees in a divorce proceeding against him. If she can thus charge him, the charge must create a primary obligation for which an independent action will lie against him. In Sears et al. v. Swenson,

22 S. D. 74, 115 N. W. 519, this court held the husband was not liable in an independent action for attorney fees contracted by his wife in divorce proceedings. And in Grinstad et al. v. Johnson et al., 61 Mont. 18, 201 P. 314, 25 A. L. R. 351, there was a similar holding. In a note to this case in 25 A. L. R. page 354, it is said: "The weight of American authority is that a husband is not liable in an independent action at law, for counsel fees incurred by his wife in the prosecution or defense of divorce proceedings"—citing many cases in support of this statement, including Sears et al. v. Swenson, supra, thus aligning this court with the majority.

There being no primary liability enforceable in an independent suit, nor as we perceive in any suit, we must look to the power of the court to enforce payment of such fees in the course of divorce proceedings in some cases and determine the principles and reason governing such an allowance and the nature of the liability imposed upon the husband to pay under such circumstances. In this state the power is prescribed by statute, Section 163, Rev. Code 1919, provides: "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." Under this section of our Code, the allowance of any sum is discretionary with the court; if allowed it is alimony, and must be necessary to enable the wife to prosecute or defend the action. After reconciliation and abandonment of a divorce suit there can be no need of alimony. The wife's rights in the property and to support depend on the marital status, and not on alimony allowed when that status is disrupted.

"Alimony" has a well-recognized meaning and is the support due the wife when separated from her husband. Support due to the wife and furnished by her husband while they are living together in the natural marriage relation is never referred to as alimony. 1 Words and Phrases, First, Second, and Third Series, under the word "alimony," recites the definitions given by many courts, and it may be noted the separation of the parties is essential to bring an allowance for support within the definition of alimony. Alimony pendente lite is of the same character, although, because of its allowance before the fault of the husband can be judicially determined, it is limited to the necessity therefor, to be

allowed or refused within the sound judicial discretion of the trial court. In Westerfield v. Westerfield, 36 N. J. Eq. (9 Stew.) 195, 197, it was said: "An application for alimony pendente lite stands now solely on the ground of necessity. * * * The fact that a wife is destitute of means to carry on her suit, and to support herself during its pendency, is as essential as any other fact, to authorize the court to award temporary alimony."

In the case at bar we cannot hold there was any necessity for the modified order, even if the wife was totally destitute of property, for at the time of such modified order she had abandoned her suit, was living with her husband, and presumptively was receiving the support owing to her under amicable marriage relations. The modified order is a new order, not a mere amendment of the original, and does not relate back to the situation as it existed at the time of granting the original. Such orders are subject to modification to fit changed conditions, not to reflect a wavering judicial mind. The real object of the modification was to compel the husband to pay his wife's attorneys. This cannot be done indirectly where it cannot be done directly. That it cannot be done directly is settled by Sears et al v. Swenson, supra.

But respondents contend the alimony may be allowed so long as the action is pending and that until final judgment is entered the action is pending. In a sense this is true. It is pending for final judgment of dismissal, but the parties by their acts have withdrawn all issues between them and the court has lost jurisdiction of the parties to determine any of the issues presented by the pleadings. Reasons of public policy prevent the further litigation of the issues, and reconciliation and resumption of marital relations as effectually withdraw the case from further action by the court, except to dismiss it, as would a formal judgment of dismissal operate to terminate the case. Though in a strict legal sense the action was pending, by the reconciliation and resumption of marital relations the court lost jurisdiction over the parties to render any judgment affecting them except a formal judgment of dismissal to clear the record.

The order appealed from is therefore reversed, and the court is directed to dismiss the action on its merits.

POLLEY, CAMPBELL, and BROWN, JJ., concur.
SHERWOOD, P. J., absent and not sitting.