VETSCH, Respondent v. VETSCH, Appellant

(201 N.W.2d 886)

(File No. 11017. Opinion filed November 15, 1972)

Ronayne & Richards, Aberdeen, for defendant and appellant.

Maloney, Kolker, Kolker & Fritz, Aberdeen, for plaintiff and respondent.

WINANS, Judge.

18

The plaintiff commenced an action for legal separation and thereafter the defendant answered, bringing a counterclaim for divorce. During the interim the plaintiff requested that defendant be required to pay to plaintiff a reasonable sum for support. At a hearing on this motion held September 22, 1970 the court ordered defendant to make certain payments as follows: $65.00 on the first day of each month commencing October 1, 1970 and thereafter during the pendency of the action, and further that plaintiff and defendant each pay one-half of the monthly mortgage loan payments to the Aberdeen Federal Savings and Loan in the total amount of $129.50 and each pay one-half of the indebtedness to the United Building Center in the total amount of $25.69 and each pay one-half of the delinquent personal property taxes amounting to approximately $150.00.

The main action came on for trial June 7, 1971 and the court dismissed both plaintiff's complaint and defendant's counterclaim by an order dated June 7, 1971 and filed July 26, 1971. On June 22, 1971 the plaintiff by motion based on an affidavit of arrears of the defendant in complying with the court's order of September 22, 1970 moved ."the Court prior to the filing of the orders of dismissal to issue its order to show cause requiring the defendant to appear and show cause why he should not be required to pay the delinquent monthly payments in the amount of $255.00", and further, why "the defendant should not be required to pay the delinquent monthly mortgage loan payments to the Aberdeen Federal Savings & Loan Association in the amount of $914.00", and further, why the defendant should not be found in contempt. On said date the court issued its order to show cause, made returnable on June 28, 1971. The defendant made a special appearance in support of his motion to dismiss in which he presented his contention as follows:

"Affiant states that this action, including Plaintiff's Complaint for legal separation, and Defendant's Counterclaim for divorce, was heard upon the merits by this Court on June 7, 1971, and that the Court, having heard all the evidence presented by both sides, orally dismissed Plaintiff's Complaint and Defendant's Counterclaim upon the merits from the bench and in the presence of both parties.

> That, therefore, the Court found, in effect that Plaintiff had no grounds for her prayer which included temporary support and alimony and that, therefore, such dismissal bars any further proceedings in this matter and particularly any application such has been attempted herein."

The hearing on plaintiff's motion was held on July 19, 1971 resulting in the following order dated and filed July 26, 1971:

> "ORDERED, ADJUDGED AND DECREED that the Defendant shall comply with the previous order of this Court dated September 22, 1970, wherein the Defendant was ordered to pay $65.00 each month beginning on the 1st day of October, 1970, for support and said Defendant was further ordered to pay one-half of the monthly mortgage loan payment to the Aberdeen Federal Savings & Loan amounting to a total of $129.50.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall pay to the Aberdeen Federal Savings & Loan Association, the delinquent payments in the amount of $914.00.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall pay to the Plaintiff, the delinquent monthly support payments in the amount of $255.00.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall comply in all respects with the previous order of this Court dated September 22, 1970."

The defendant appeals from the order of the court by assigning as error that the court lacked jurisdiction for the reason that the court had "previously and on June 7, 1971, in open court, dismissed both the Complaint of the Plaintiff-Respondent and the Counterclaim of the Defendant-Appellant."

SDCL 15-6-58 provides in part as follows: "A judgment or an order becomes complete and effective when reduced to writing, signed by the court or judge, attested by the clerk and filed in his office." The order of the court dismissing plaintiff's and defendant's alleged causes of action was not filed until July 26, 1971. We are of the opinion the court had jurisdiction to hear the order to show cause based upon the allegation of defendant's delinquency in making support payments at the time he heard it. His order on the show cause order was entered in the office of the Clerk of Courts on the same day as his order dismissing plaintiff's complaint and defendant's counterclaim.

We do not believe Sears et al. v. Swenson, 1908, 22 S.D. 74, 115 N.W. 519, is contrary to this holding. There the court held that the husband was not liable in an independent common-law action for attorney fees contracted by his wife in divorce proceedings; that the obligation of the husband for his wife's attorney fees in an action brought by her for divorce is dependent upon order of court and that such obligation does not exist where a divorce action is dismissed before attorney fees to the wife have been allowed. In the present case the support money had been allowed during the pendency of the action for divorce and separation.

It was held in Murphy v. Murphy, 1929, 56 S.D. 355, 228 N.W. 464, that where a wife had abandoned her suit against her husband for divorce and was living with him and presumptively receiving the support owing to her under amicable marriage relations, an order modifying an order for temporary alimony and counsel fees was erroneous. The court said:

> "The modified order is a new order, not a mere amendment of the original, and does not relate back to the situation as it existed at the time of granting the original. Such orders are subject to modification to fit changed conditions, not to reflect a wavering judicial mind. The real object of the modification was to compel the husband to pay his wife's attorneys. This cannot be done indirectly where it cannot be done directly. That it cannot be done directly is settled by Sears et al. v. Swenson, supra."

In our case there is no modification of the order of support pendente lite.

In Washington v. Washington, 1958, 163 Cal.App.2d 129, 329 P.2d 115, the California Court held: "Plaintiff is legally entitled to the amounts accrued under the order for temporary alimony up to the time when that order was terminated or superseded by further order or the interlocutory decree of the court (cases cited). Under settled principles the divorce court has jurisdiction after final judgment to take the necessary action to enforce the satisfaction of this accrued obligation."

In Keezer on the law of Marriage and Divorce, Third Edition, Section 599 at page 672, the author in writing on temporary alimony states the law to be: "The allowance continues throughout the litigation, and ceases upon the entry of a final judgment, or upon the death of either party; but the order may be enforced for arrearages." In 24 Am.Jur.2d, Divorce and Separation, § 560, we find there is a split in authority concerning the effect of a final decree upon accrued obligation. The pros and cons are discussed in two well-written cases in which the courts come to opposite conclusions. In Button v. Button, 1966, Me., 222 A.2d 245, the court holds, among other things:

> "In the absence of specific provision otherwise in the decree of divorce, the Court may enforce in the divorce action the obligations theretofore incurred and unfulfilled in the temporary order. Thus the provision in the decree in the case at bar was not necessary to keep alive jurisdiction to enforce the temporary order to the extent of the arrearages in the required payments.
>
> Such order, as we have seen, carries no obligations arising in the future and to this extent may properly be considered to have been terminated by the decree of divorce. The obligations of the past, with the power of enforcement by the Court, remain unaffected, except as otherwise ordered."

Contrary to the above holding is the case of Maddox v. Maddox, 1964, 276 Ala. 197, 160 So.2d 481, where the court

holds in the Syllabus 3, "Alimony pendente lite accruing prior to rendition of a final decree does not become vested in the wife so as to deny trial court's authority to terminate the wife's right thereto, and rendition of a final decree renders unenforceable her right to the accrued alimony unless her right thereto is expressly saved."

It is clear in the case before us that the court's order requiring the unpaid amounts to be paid was filed in the Clerk's office on the same day as the court's order of dismissal of the main actions. Which was filed first does not appear. It appears, however, from the partial transcript of the hearing held on June 7, 1971 that the trial court contemplated that the action would be kept open pending resolution of the matter of defendant's arrearages. This appears in the following language of the court addressed to the parties and to their attorneys:

> "Now, in this case we have over a thousand dollars in arrears. Now, how shall that be settled? Why don't you and Mr. Fritz decide how that is to be settled and submit it to the Court, and if you can't agree the Court will take care of it.

BY MR. RICHARDS: We may have to have another hearing on it because I am quite—I'm not being silly, but I'm quite sure that the cases I have looked up where you have no children and the complaint is dismissed the Court does not have continuing jurisdiction.

BY THE COURT: How does the wife exist?

BY MR. RICHARDS: She doesn't have a cause; the Court has found she doesn't have a cause of action.

BY MR. FRITZ: I would like to know from the bench, what is the present standing of the order issued by the Court?

BY THE COURT: The Court will continue it until you produce another.

BY MR. FRITZ: At this time the defendant is in contempt.

BY MR. RICHARDS: Just a minute. Counsel, you and I had an agreement on that. * * *."

■■■ Defendant's attorney relies on the date of the court's oral pronouncement made from the bench, on June 7, 1971 at the hearing on the main cause of action in which the court dismissed both plaintiff's and defendant's complaints. If the compliance order was filed before the dismissal order was filed, the action was still pending and the court had jurisdiction to enter it. The burden of showing error rests on the party asserting it and after having obtained jurisdiction, the court retains it until otherwise shown. Defendant has not shown that the order of dismissal was filed first. SDCL 25-4-38 provides:

> "While an action for divorce is pending, the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

We conclude that under the record in this court affirmance of the court's order of compliance is proper. It appears to us that the amounts of $914.00 and $255.00 must have been for the arrearages. We do not believe the order continues the temporary payments after the order dismissing plaintiff's complaint and defendant's counterclaim became effective.

The order appealed from is affirmed.

HANSON, P. J., and BIEGELMEIER and DOYLE, JJ., concur.

WOLLMAN, J., concurs in result.