The issue in this case is whether a circuit court has continuing jurisdiction over a divorce case permitting it to enter an order awarding attorneys' fees some two years after reconciliation of the parties. We hold it does not.
Petitioner, Claud Millard McNutt, filed an action for divorce from his wife, Carol Dean McNutt. The divorce was granted by the Circuit Court of DeKalb County on 16 July 1975. Three months later the divorce decree was set aside and the parties were reconciled shortly thereafter. Notice of the reconciliation was given to the circuit court by the parties in January 1976. By an undated letter to the court they requested *Page 999 
the case be dismissed at a hearing which was set for 26 January 1976. On 5 October 1977, one year and nine months later, the court entered an order dismissing the case and awarding attorneys' fees of $1,800 to respondent, Loma B. Beaty, Carol McNutt's attorney, and $775 to respondent, Charles M. Scott, Claud McNutt's attorney. The order was amended on 24 October 1977 to award $500 to respondent Patrick H. Tate, an additional attorney appointed by the court as guardian ad litem for Carol McNutt. The aggregate sum of $3,075 was charged to Claud McNutt.
Petitioners, Claud and Carol McNutt (since deceased), did not appeal the orders awarding the attorneys' fees. Five months later they filed a Rule 60 (b), ARCP, motion for relief alleging the court was without jurisdiction to enter the orders. The court denied their motion and the McNutts appealed to the Court of Civil Appeals. That court held the trial court did not abuse its discretion in denying the McNutts' motion and affirmed.
We granted certiorari because of the unprecedented order requiring McNutt to pay his own attorneys' fees; the questionable need of Carol McNutt to be represented by two attorneys; the lengthy amount of time between the setting aside of the divorce decree and the award of attorneys' fees, and the strong public policy of this state against continuing litigation in divorce cases in order to allow for attorneys' fees.
The Court of Civil Appeals believed the contentions raised in the McNutts' motion fell within ARCP 60 (b)(1), (2) or (3) which provides:
 "* * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * *"
Motions under (1), (2) or (3) are required to be made no later than four months after entry of the order or judgment complained of. The Court of Civil Appeals held the McNutts' motion to be filed too late because it was filed five months after the orders awarding attorneys' fees.
There is, however, another ground upon which the motion was based; one which we hold to be valid. ARCP 60 (b)(4) allows a court to relieve a party from a judgment or order if it is void. A motion for relief based on Rule 60 (b)(4), that the judgment is void, need only be filed within a reasonable time.
A judgment is void if the court rendering it lacks jurisdiction over the subject matter or of the parties. Sweeneyv. Tritsch, 151 Ala. 242, 44 So. 184 (1907). Thus, the issue is whether the trial court retains jurisdiction to award attorneys' fees after reconciliation of the parties. In Bell v.Bell, 214 Ala. 573, 108 So. 375 (1926), a wife brought suit against her husband for divorce and requested an order for temporary alimony and attorney's fees. Pending the order, the parties reconciled and the wife filed a request for dismissal. At the instance of the wife's attorney, the court entered a decree awarding attorney's fees. This court reversed, holding:
 "* * * The attorney has no separate equity, but must derive it from that of his client. The proceeding must be in her name for her benefit. When by her act she cuts off all claim to such allowance the right of the attorney cannot arise. * * *
 "We are fully in accord with the view that public policy forbids the reopening of the grounds of divorce after reconciliation for the purpose of allowing attorneys' fees against the husband. * * *
 "* * * On the filing of the wife's application to dismiss, it was the duty of the register to enter the order of dismissal and proceed no further with the reference. * * *" 214 Ala. at 576, 108 So. at 378-379. *Page 1000 
In Johnson v. Gerald, 216 Ala. 581, 113 So. 447 (1927), the parties to a divorce reconciled after a divorce decree was rendered. Subsequently, the court allowed the wife's attorney to intervene and awarded him attorney's fees. The parties' petition for mandamus in this court was granted and the opinion of this court reaffirmed the public policy stated in Bell. InJohnson, this court held the wife's right to dismiss is unqualified. Consequently, the trial court was required to dismiss the case and vacate its order allowing attorney's fees. In Murphy v. Murphy, 56 S.D. 355, 228 N.W. 464 (1929), the parties to a divorce reconciled after an order had been entered requiring the husband to pay temporary alimony and fifty dollars in attorneys' fees. Upon receiving notice of the reconciliation the attorneys for the wife applied for and received a modification of the prior order which increased the attorneys' fees by seventy-five dollars. In reversing the modification order the South Dakota Supreme Court held:
 "* * * [The attorneys] contend the alimony may be allowed so long as the action is pending and that until final judgment is entered the action is pending. In a sense this is true. It is pending for final judgment of dismissal, but the parties by their acts have withdrawn all issues between them and the court has lost jurisdiction * * *." (emphasis added) 56 S.D. at 359, 228 N.W. at 466
Thus, as stated in Bell, we hold that reconciliation between the parties to a divorce abrogates the cause of action; the suit as a legal proceeding no longer exists. After reconciliation no order or judgment may be entered awarding attorneys' fees and, in most cases, no order of any kind will be allowed other than one dismissing the case. Bell v. Bell,214 Ala. at 575, 108 So. at 378, quoting Kuntz v. Kuntz,80 N.J. Eq. 429, 83 A. 787 (1912). See Annot., 92 A.L.R.2d 1009, 1014 (1963). Litigation for divorce is not conducted for the benefit of attorneys. An award of attorneys' fees is derivative and solely for the benefit of the party who is granted the divorce and cannot pay his or her attorney. Where reconciliation takes place, the attorneys can collect their fees from their respective clients as they do in other cases.
In this case the orders awarding the attorneys' fees came almost two years after reconciliation of the parties. So much of the orders as awards those fees is void because the court lost jurisdiction upon reconciliation of the parties.
Respondent, Tate, contends his fee should be awarded as part of the costs of the action pursuant to Rule 17 (d), ARCP. The trial court did not tax Tate's fees as a part of the costs and we will not. Public policy against continuing litigation in order to provide attorneys' fees applies equally to all attorneys involved in the case. Additionally, Rule 17 (c) provides:
 "* * * The court shall appoint a guardian ad litem (1) for an infant defendant, or (2) for an incompetent person not otherwise represented in an action and may make any other orders it deems proper for the protection of the infant or incompetent person. * * *" (emphasis added)
At the time of the appointment of Tate as guardian ad litem, Carol McNutt was already represented by respondent Beaty.
Because the portion of the orders of the trial court awarding attorneys' fees were void for lack of jurisdiction of the trial court to award those fees, the McNutts' motion for relief was properly based on ARCP 60 (b)(4) and should have been granted. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand to that court for decision not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur. *Page 1001