HOLMES, Judge.
This is a contempt proceeding.
The husband was found guilty of criminal contempt and sentenced to three days imprisonment. He appeals to this court by certiorari.
The dispositive issue is whether a reconciliation of the parties terminates a prior restraining order. We hold that in this instance it does and reverse.
The record reveals the following: The parties separated on April 23, 1978, due to marital difficulties. Two days later, the wife petitioned the circuit court for custody of the parties’ child and for an order tempo *812 rarily restraining the husband from interfering with the wife. The order was granted on April 25, 1978.
The record further indicates that the parties reconciled their differences the next day, i. e., April 26, and lived as man and wife until June, 1978. Later in June, the parties again separated and on June 27, the wife amended her initial complaint and petitioned for divorce. In addition, the wife requested that the trial court find the husband in criminal contempt for violations of its restraining order. As grounds for the rule nisi, the wife alleged that the husband had struck her, and further, that he had attempted to run her off the highway with his vehicle while she was driving her automobile. Those instances of conduct by the husband against the wife occurred in June of 1978.
After a hearing, the trial court found the husband in contempt and sentenced him to three days in prison.
At the hearing, the husband maintained, as he does before this court, that he was not properly served with the restraining order and thus the trial court lacked jurisdiction over him. Specifically, the husband contended that he had no knowledge of the existence or contents of the restraining order because the order was served on an attorney who was not his attorney of record. While we observe that the record factually supports this allegation, we are of the opinion that the dispositive contention raised by the husband is whether the trial court lacked the authority to hold him in contempt by virtue of the parties’ reconciliation. We hold that the trial court did not have such authority.
It is elementary that a judgment is void if the court rendering it lacks jurisdiction over the subject matter or of the parties. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907). In Alabama, in a divorce action, upon reconciliation of the parties, the trial court is without jurisdiction over the proceeding because reconciliation abrogates the cause of action. McNutt v. Beaty, 370 So.2d 998 (Ala.1979). See also Johnson v. Gerald, 216 Ala. 581, 113 So. 447 (1927); Bell v. Bell, 214 Ala. 573, 108 So. 375 (1926); Annot., 92 A.L.R.2d 1009, 1014 (1963). As stated in McNutt, supra:
[W]e hold that reconciliation between the parties to a divorce abrogates the cause of action; the suit as a legal proceeding no longer exists. After reconciliation no order or judgment may be entered awarding attorneys’ fees and, in most cases, no order of any kind will be allowed other than one dismissing the case. Bell v. Bell, 214 Ala. at 575, 108 So. at 378, quoting Kuntz v. Kuntz, 80 N.J.Eq. 429, 83 A. 787 (1912). See Annot., 92 A.L.R.2d 1009, 1014 (1963). (Emphasis supplied.)
The reasoning in McNutt is compelling and applies equally well in this instance.
In the case before us the record shows that on the day following the issuance of the restraining order, the parties reconciled their marital differences and resumed living together as husband and wife. Furthermore, there is nothing in the record which indicates to this court that a reconciliation did not in fact occur inasmuch as there is uncontroverted testimony by the wife that the parties resumed marital responsibilities for some time subsequent to the termination of their initial separation. Where, as here, reconciliation occurs after the issuance of a restraining order, it abrogates the cause of action and deprives the trial court of subject matter jurisdiction over the proceedings. McNutt, supra.
Thus, because the parties by their acts withdrew all issues for the trial court’s consideration with respect to violations of its restraining order, the trial court was without authority to find the husband guilty of criminal contempt.
The case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.