MOORE, Judge,
dissenting.
I dissent from the reversal of the trial court’s judgment setting aside as void a previous default judgment that was entered by the trial court. If a married couple reconciles during the pendency of a divorce case, that reconciliation abrogates the cause of action and, thus, deprives a court of subject-matter jurisdiction over the divorce action. See Rikard v. Rikard, 387 So.2d 842, 843 (Ala.Civ.App.1980); and James v. James, 369 So.2d 811, 812 (Ala.Civ.App.1979). The only action a trial court may take under such circumstances is to dismiss the complaint; any other action is void for lack of subject-matter jurisdiction. See id. “Rule 60[, Ala. R. Civ. P.,] allows a party to move to set aside a judgment that is void for lack of subject-matter jurisdiction at any time.” Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009) (emphasis added).[3]
In the present case, the husband filed for Rule 60(b), Ala. R. Civ. P., relief, and, based on the evidence presented, the trial court determined that the parties had reconciled during the pendency of the divorce action. “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005) (quoting Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). Based on our review of the record and applying the law set forth in Rikard, supra, I cannot conclude that the trial court’s finding that the parties had reconciled during the pendency of the divorce action was palpably erroneous or manifestly unjust. Thus, the default divorce judgment entered after that reconciliation was void for lack of subject-matter jurisdiction, and the trial court properly set aside the default judgment as void.
Based on the foregoing, I would affirm the trial court’s judgment setting aside the previous default judgment in the divorce action as void.

. The main opinion concludes that the husband filed for relief from the default judgment too late and that to grant such relief "would do away with the principle of finality of judgments.” 123 So.3d at 524. In support of that assertion, the main opinion quotes Osborn v. Roche, 813 So.2d 811, 818 (Ala.2001), which, in turn, quotes Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993). I note, however, that neither of the motions for relief from judgment filed in those cases was based on lack of subject-matter jurisdiction.