[No. 6746. Decided October 11, 1907.]

## D. W. ZENT, *Appellant*, v. MAGGIE SULLIVAN *et al.*, *Respondents.*[1]

HUSBAND AND WIFE—NECESSARIES—DIVORCE—WIFE'S CONTRACT FOR ATTORNEY'S FEES. The husband is not liable upon the contract of his wife to pay attorney's fees for the prosecution of a divorce, the same not being "necessaries" in view of the liberal provisions of Bal. Code, § 5722, relegating the matter to the trial judge.

SAME—EVIDENCE—SUFFICIENCY. In an action against a husband, after settlement of a divorce case, for attorney's fees contracted for by the wife in the divorce action, a nonsuit is properly granted where the contract shows on its face that it was intended as the individual obligation of the wife in addition to fees allowed by the court, and where there was a failure to show the value of the services, or that there were reasonable and justifiable grounds for the divorce.

[1]Reported in 91 Pac. 1088.

Appeal from a judgment of the superior court for Adams county, Warren, J., entered October 19, 1906, upon granting a nonsuit at the close of plaintiff's evidence, dismissing an action to recover an attorney's fee.    Affirmed.

*Zent, Lovell & Hamilton,* for appellant.

*O. R. Holcomb,* for respondents.

RUDKIN, J.—On the 14th day of January, 1906, the plaintiff entered into a written contract with the defendant Maggie Sullivan, whereby he agreed to commence and diligently prosecute an action for divorce in favor of said Maggie Sullivan against her husband, John C. Sullivan, her codefendant herein; and on her part said Maggie Sullivan agreed that the plaintiff should receive for his services in that behalf the sum of $500, or $250 in the event that such action should be dismissed before final judgment; such sums to be in addition to any sums allowed or awarded by the court in the divorce proceedings.    On the following day the divorce action was commenced by the filing of the complaint and the service of a summons, but the action was thereafter dismissed by consent of the parties before final judgment.    This action was thereupon commenced against both the husband and wife to recover the stipulated fee.    The plaintiff proved the execution of the contract for the fee by the defendant Maggie Sullivan, the commencement and dismissal of the action for divorce, offered in evidence the contract and the files in the divorce action, and rested.    A motion for nonsuit interposed by the husband at this stage was sustained, and from the judgment of nonsuit the present appeal is prosecuted.

There is a conflict of authority on the question of the husband's liability for counsel fees incurred by the wife in connection with divorce proceedings, whether she be plaintiff or defendant.    In Alabama, Arkansas, Connecticut, Illinois, Indiana, Kentucky, Massachusetts, Missouri, Nebraska, New Hampshire, Vermont, and Wisconsin, the rule of nonliability

is asserted without qualification. *Pearson v. Darrington,* 32 Ala. 227; *Kincheloe v. Marriman,* 54 Ark. 557, 16 S. W. 578, 26 Am. St. 60; *Shelton v. Pendleton,* 18 Conn. 417; *Dow v. Fyster,* 79 Ill. 254; *McCullough v. Robinson,* 2 Ind. 630; *Williams v. Monroe,* 18 B. Mon. (Ky.) 514; *Coffin v. Dunham,* 8 Cush. 404, 54 Am. Dec. 769; *Isbell v. Weiss,* 60 Mo. App. 54; *Yeiser v. Lowe,* 50 Neb. 310, 69 N. W. 847; *Morrison v. Holt,* 42 N. H. 478, 80 Am. Dec. 120; *Wing v. Hurlburt,* 15 Vt. 607, 40 Am. Dec. 695; *Clarke v. Burke,* 65 Wis. 359, 27 N. W. 22, 56 Am. Rep. 631.

Thus in *Shelton v. Pendleton, supra,* decided in 1847, the court said, "This demand of the plaintiffs has no support from any precedent to be found by us in this country or elsewhere." And in *Coffin v. Dunham, supra,* decided in 1851, Shaw, C. J., said: "This action is without precedent in this commonwealth, and contrary to the practice and course of decisions." On the other hand, in the following more recent cases, the right of recovery is sustained, with certain qualifications and limitations: *Ottaway v. Hamilton,* 3 C. P. D. 398; *Stocken v. Patrick,* 29 L. T. S. 507; *Sprayberry v. Merk,* 30 Ga. 81; *Porter & Moir v. Briggs,* 38 Iowa 166, 18 Am. Rep. 27; *Preston v. Johnson,* 65 Iowa 285, 21 N. W. 606; *Clyde v. Peavy,* 74 Iowa 47, 36 N. W. 883; *McCurley v. Stockbridge,* 62 Md. 422, 50 Am. Rep. 229; *Langbein v. Schneider,* 16 N. Y. Supp. 943; *Hahn v. Rogers,* 69 N. Y. Supp. 926; *Ceccato v. Deutschman,* 19 Tex. Civ. App. 434, 47 S. W. 739; *Dodd v. Hein,* 26 Tex. Civ. App. 164, 62 S. W. 811; *Peck v. Marling's Admr's,* 22 W. Va. 708.

In *Johnson v. Williams,* 3 G. Greene 98, decided in 1851, the supreme court of Iowa said, "We find no case where the husband has been sued and a recovery had upon the ground of necessaries." In *Porter v. Briggs, supra,* the court later permitted a recovery by the wife's attorney against the husband, where the wife had been sued for a divorce on the ground of her adultery. And in the still later case of *Preston*

*v. Johnson, supra,* the court seems to recognize the right of the attorney to recover against the husband in all cases, subject to the single requirement that he acted in good faith. It will thus be seen that the clear weight of authority is against the attorney's right of recovery in such cases, and this much the appellant concedes. It certainly cannot be said, as a universal rule, that expenses incurred by the wife in obtaining or attempting to obtain a divorce from her husband are for necessaries, as that term has been uniformly defined by the courts. On the other hand, if the law made no other provision for the prosecution or defense of such actions by the wife, there would be strong and perhaps controlling reasons for holding, in some individual cases, that the expenses incurred were necessary for the protection of the wife, and that she had implied authority to pledge the husband's credit for their payment. But our statute makes very liberal provision for the wife in such cases. Bal. Code, § 5722 (P. C. § 4636), provides that:

"Pending the action for divorce the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; and on decreeing or refusing to decree a divorce, the court may, in its discretion, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the action, when such divorce has been granted or refused, and give judgment therefor."

In view of the liberal provisions of this statute, we see no possible reason why the wife is under a necessity to pledge her husband's credit for the expenses of prosecuting or defending an action for divorce in this state, or why she should have any implied power in that regard. The divorce court has before it the parties, their property, their merits and delinquencies, and can fix the amount of the husband's liability to the wife and her attorney on an equitable basis, without any inquiry

into collateral facts; and we are satisfied that the rights of all parties will be best subserved by relegating the question of the husband's liability for the attorney's fees of the wife to that tribunal. It was so held in *Clarke v. Burke, supra,* under similar statutory provisions, and the rule there announced meets our approval. It may be said that such a rule will permit the wife to defraud her attorney, but such a result may happen in any case where the attorney is dependent on the fruits of the litigation for his compensation. Furthermore, the implied power of the wife to bind the husband, if it exists at all, exists for her own benefit and protection, not for the benefit or protection of those with whom she may deal.

There are additional reasons why the judgment in this case should be affirmed. In the first place, the contract in suit shows upon its face that it was, and was intended to be, the individual obligation of the wife. It provided for the payment of the sums specified, regardless of any allowances made by the court in the divorce proceedings, and the complaint filed on the following day prayed for an attorney's fee of $500 against the husband. Surely the husband cannot be held liable on such a contract as this. In *Sprayberry v. Merk, supra,* cited by the appellant, the court held, that the husband was chargeable with the real value of the services rendered, not with the price which the wife might fix by contract. Again, the courts which permit a recovery, almost without exception impose upon the attorney the burden of proving that the divorce action was instituted on reasonable and justifiable grounds — not reasonable and justifiable grounds on paper, but reasonable and justifiable grounds in fact. Such proof in actions of this kind would seem indispensable, for in no other way can the necessity for the services or the implied power of the wife be made to appear. No such showing was made in this case. Inasmuch as the abstract question of the husband's liability in such cases was the only question discussed in the briefs, we preferred not to rest our decision upon

these latter grounds alone; but for the several reasons herein stated the judgment must be affirmed, and it is so ordered.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and MOUNT, JJ., concur.