[No. 8140. *En Banc.* October 28, 1909.]

JOHN E. HUMPHRIES *et al., Appellants,* v. DELLA COOPER *et al., Respondents.*[1]

DIVORCE—ATTORNEY'S FEES—LIABILITY OF HUSBAND ON CONTRACT OF WIFE. In view of the liberal provisions of the code for suit money in actions for divorce, the husband is not liable for attorneys fees incurred by the wife in instituting a divorce which was settled and dismissed without the attorney's consent.

SAME—ATTORNEY'S FEES—LIABILITY OF WIFE. The wife is liable to attorneys employed by her to prosecute a divorce suit which was settled and dismissed without their consent.

PLEADING—DEMURRER. A general demurrer in an action against two defendants, only one of whom is liable, should be overruled as to one and sustained as to the other.

Appeal from a judgment of the superior court for King county, Gay, J., entered May 15, 1909, in favor of the defendants, upon sustaining a demurrer to the complaint, in an action to recover attorney's fees. Reversed.

*John E. Humphries* and *George B. Cole,* for appellants.

*William R. Bell,* for respondents.

DUNBAR, J.—This is an action brought by appellants against respondents to recover attorney's fees. The material averments of the complaint are, that the appellants are attorneys at law, in King county, Washington; that the respondents were husband and wife on the 28th day of October,

[1]Reported in 104 Pac. 606.

1908, at which date the defendant Della Cooper employed the appellants to bring suit for divorce against the respondent W. H. H. Cooper, upon the grounds of cruel and inhuman treatment of the said Della Cooper by the said W. H. H. Cooper, setting forth in detail the cruel acts referred to; that on the said date, at the special instance and request of respondent Della Cooper, the appellants prepared a complaint, embodying the charges made by her against said W. H. H. Cooper, which complaint was duly verified by the said Della Cooper, and was regularly filed in the proper court, and that the same was served upon the defendant; that the plaintiff in said action asked for temporary alimony, attorney's fees, and suit money; that at the time of the commencement of said action, the said Della Cooper was without means to employ counsel or prosecute said action against the defendant, and was wholly without means for her support and maintenance or suit money, and that the defendant positively refused to furnish her money with which to support and maintain herself, avoided the service of process, and did everything in his power to prevent her from collecting of him, by order of court or otherwise, any money whatever; that at the time of the commencement of said action the defendant W. H. H. Cooper had property of the value of more than $20,000, and was doing a lucrative business; that said cause was set for trial April 1, 1909; that immediately prior to said date the respondents, for the purpose of cheating and defrauding appellants out of their attorney's fee, without any notice whatever to appellants, compromised, settled, and condoned the offenses set out in plaintiff's complaint, and signed a stipulation of dismissal of said cause, and went back to live together; that said cause was dismissed without consent of the appellants; alleging the value of their services. A demurrer was interposed to this complaint, to the effect that it did not state facts sufficient to constitute a cause of action against the defendants, or either of them. The demurrer was sustained, and the appellants, standing upon their complaint,

judgment was entered in favor of respondents, and from such judgment this appeal was taken.

It is contended by the appellants that the statements made by this court, in its opinion in *Hillman v. Hillman*, 42 Wash. 595, 85 Pac. 61, 114 Am. St. 135, would logically lead to the conclusion that the complaint in this case was sufficient to sustain a judgment against the husband. In this construction of that case we think the appellants are mistaken. It is true the court said:

"Claims for attorney's fees, where adjusted by actions, must be in actions brought for their adjustment, as claims of all other kinds are adjusted."

But there was no intimation that the claim for attorney's fees, if it had been brought in a separate action, would have been permitted. In fact, the logic of the opinion is to the contrary.

But this identical question was before this court in the form of action now presented, in the case of *Zent v. Sullivan*, 47 Wash. 315, 91 Pac. 1088, 13 L. R. A. (N. S.) 244. There, as here, after the contract with the attorney on the part of the wife to commence the action for divorce, and after the filing of the complaint and the service of summons, the action was dismissed by consent of the parties before final judgment, and suit was brought for the attorney's fees stipulated. In that case the authorities were collected and discussed, and while it was admitted that there was a conflict of authority on the question of the husband's liability for counsel fees, incurred by the wife in connection with divorce proceedings, whether she be plaintiff or defendant, it was held that the great weight of authority and the better reason was to the effect that such liability did not exist, and especially in this jurisdiction, where the statute made such liberal provisions for the wife in such cases, the court saying, after quoting Bal. Code, § 5722 (P. C. § 4636):

"In view of the liberal provisions of this statute, we see no possible reason why the wife is under a necessity to pledge

her husband's credit for the expenses of prosecuting or defending an action for divorce in this state, or why she should have any implied power in that regard."

In view of the fact that the question involved here was discussed so pointedly in the case of *Zent v. Sullivan, supra*, from the standpoint of both reason and authority, it would be idle to again enter into a discussion of that question, as we are satisfied with what was said in that case; and no distinction can be made between that case and this on the question of the liability of the husband.

But while the briefs of both appellants and respondents present the case as involving only the responsibility of the husband for the contract of the wife, the record shows that the demurrer challenged the responsibility of both the husband and wife, jointly or severally. The demurrer was sustained as a whole, and judgment was rendered in favor of both defendants. So that, notwithstanding the seeming waiver of this point by the appellants, we do not feel justified in disregarding the record. And, as we know of no reason why the wife should not be held responsible for her individual contracts, the judgment will have to be reversed, and the cause remanded with instructions to sustain the demurrer as to the liability of the husband only. The appellants will recover the costs of their appeal against the wife.

ALL CONCUR.