[No. 14993. Department Two. February 7, 1919.]

J. E. YODER, *Appellant*, v. EDITH YODER, *Respondent*.[1]

DIVORCE (67)—SUIT MONEY—DISCRETION. Where a husband worth
a million dollars makes defamatory accusations in an action for
divorce, entailing great expense in procuring evidence in and out
of the state, a temporary allowance of $3,000 for attorney's fees and
$1,500 for suit money, is not an abuse of discretion.

SAME (56)—FEES AND COSTS—PAYMENT—RIGHTS OF ATTORNEYS ON
SETTLEMENT. After the allowance of temporary alimony and suit
money in an action by a husband for a divorce, and the filing of a
claim for a lien thereon by the wife's attorneys, who had agreed to
conduct the defense for the sums allowed by the court, the attorneys
cannot be discharged without payment and the action dismissed
through a voluntary settlement; but the attorneys are entitled to
enforce the judgment for attorney's fees and suit money, and to
have execution therefor under the judgment, upon ascertainment of
the amount due by the trial court.

Appeal from an order of the superior court for
Stevens county, Neal, J., entered September 4, 1918,

[1]Reported in 178 Pac. 474.

allowing alimony and suit money, in an action for divorce; also motion to vacate the order appealed from on the ground of a voluntary settlement of the action. Order affirmed; motion denied.

*F. M. Turner* and *W. W. Zent,* for appellant.

*Turner, Nuzum & Nuzum,* for respondent.

HOLCOMB, J.—Appellant, on August 7, 1918, filed his complaint in the superior court against respondent, praying for a divorce, alleging two statutory grounds in two separate causes of action. August 27, 1918, respondent filed her answer, admitting the marriage, denying the grounds alleged for a divorce *in toto* and in detail, prayed for the dismissal of the action, and at the same time filed her motion, supported by affidavits, for temporary alimony, suit money and attorney's fees, to all of which appellant replied. This motion being heard by the court on August 28, 1918, on the pleadings, affidavits and counter-affidavits, the trial court made and entered an order allowing temporary alimony in the sum of two hundred dollars per month from August 1, 1918, the first month's installment to be paid instanter, and thereafter on the first day of each month; fifteen hundred dollars suit money to be paid to respondent's attorneys or into the registry of the court on September 3, 1918, and to be disbursed by them in preparing her defense; and the sum of three thousand dollars attorney's fees to be paid into the registry of the court or to respondent's attorneys or their order on September 3, 1918. The court reserved the power to make other and further allowances for suit money and attorney's fees, either *pendente lite* or at the final hearing, as justice might require. From this order, appellant forthwith ap-

pealed, and gave his appeal and supersedeas bonds in the sum fixed by the court.

The cause pending here on appeal and a notice to dismiss the appeal, was set to be heard on December 17, 1918. On December 9, 1918, respondent made her affidavit to the effect that she and her husband, the appellant, had voluntarily settled, compromised and adjusted all their differences, resumed their marital relations, were again living together as man and wife, and that she had so notified her attorneys, Messrs. Turner, Nuzum & Nuzum, in writing, on December 9, 1918, and dismissed them as her attorneys and notified them not to appear further in her behalf; that she "is ready, able and willing to settle with her attorneys for all compensation due them for services rendered her in said cause," etc., etc. Appellant's attorneys presented their motion to vacate, set aside and hold for naught the order of the lower court appealed from, upon the day of the hearing, and supported the same by the affidavit above mentioned of respondent, and affidavit of appellant to the effect that the parties had voluntarily and amicably settled, adjusted and compromised all their differences involved in the action and resumed the relations of husband and wife. A written consent signed by respondent was also filed at the same time "consenting and stipulating that the motion of appellant to vacate and set aside the order appealed from may be granted" by this court, and counsel for appellant also suggest that the entire controversy is limited by the fact that this or the lower court has no jurisdiction further than to vacate and set aside the order complained of, although not abandoning the appeal on the merits. They also earnestly insist that the attorneys who represented respondent have been discharged and have no status before the court.

On December 5, 1918, prior to notice of discharge, Messrs. Turner, Nuzum & Nuzum filed in the superior court where the cause was brought a written notice and claim of lien as attorneys for their fees in the proceeding, upon all funds ordered to be paid into the registry of the court under the order of August 28, "by virtue of services rendered under special agreement with defendant and whereby they were to receive as compensation from her as attorneys in the action all sums which the court should allow as attorney's fees, either on the preliminary order or on final decree, and which they were to accept as their compensation." No part of the attorney's fees or suit money has been paid to the attorneys who represented respondent, or into court for them.

The situation now is that both appellant and respondent are asking the reversal, or the annulment, of the order appealed from, without first satisfying respondent's attorneys of record, and respondent, in effect, asks that result through the attorneys for appellant. While she has made affidavit that she is "ready, able and willing to pay all compensation due the attorneys" who represented her, she has not done so; and she, while they duly represented her under proper authority, invoked the jurisdiction of the court having the subject-matter in its jurisdiction to compel the payment of her attorneys for their services pending the litigation, in part, and for the expense of her defense, out of the property of the plaintiff, her husband. In so proceeding and in support of her application, she made affidavit that she had no money or means, but was penniless and wholly unable to provide suit money for attorney's fees, while her husband was possessed of property of the value of a million dollars or more.

The allegations against respondent were very defamatory, and she made a very strong showing in support of her application that she was wholly innocent of the charges; that her husband was the dupe of business associates and of a conspiracy, of which she was being made the victim; that her defense was in good faith; that she desired no divorce, but desired reconciliation with her husband and the resumption of the marriage relations; and that her proper defense would entail very great expense and the procuring of evidence over a vast stretch of territory in and out of this state, and that $10,000 would be a reasonable sum to allow her attorneys and for suit money, preliminarily. At the hearing on the application, there were several affidavits and counter-affidavits presented to the trial court, and upon the pleadings and the showing made we are quite convinced that there was no abuse of judicial discretion on the part of the trial court in making the preliminary order for allowances to respondent for temporary alimony, suit money and attorney's fees. We are obliged so to decide on the merits of the appeal in determining that alone. We are now confronted with the question whether the attorneys who represented respondent can now enforce that order. We are ever ready to encourage the amicable settlement of litigation, more especially of divorce suits. We believe it to be the duty, both of trial courts and appellate courts, to lay no straw in the way of the reconciliation of estranged spouses at any stage of the proceedings. But we do not believe that by such voluntary act of the estranged parties to a divorce suit they can so summarily and without consideration dispose of counsel who, in good faith, performed very valuable services and expended money in behalf of the wife, who is peculiarly protected in such cases by our law.

It is asserted that our decision in *Hillman v. Hillman*, 42 Wash. 595, 85 Pac. 61, 114 Am. St. 135, is authority for the contention that the attorneys who represented respondent have now no standing as such in this proceeding to have their attorney's fees settled, but that such fees must be adjusted in actions brought for that purpose. The situation in that case, however, differed from the situation here, in that while an application on behalf of the wife for suit money and attorney's fees, preliminary, was pending but no order made, the parties voluntarily composed their differences and the wife, individually, stipulated to dismiss her action. When the stipulation was presented to the court for action, her attorneys appeared and opposed dismissal on the ground that they had an interest in the action to the extent of their attorney's fees, and that the parties were powerless to dismiss the action without their consent. The trial court took their view of the matter and allowed them to intervene for their costs and fees and ordered a hearing, which resulted in findings as to the amount and value of their expenses and services as attorneys and judgment therefor in their favor. True, it was observed in that case that:

"The measure and mode of compensation of attorneys are, under our statute a matter for private agreement between client and attorney (Bal. Code, § 5165) and . . . actions for divorce, therefore, which both parties desire dismissed, should not be kept alive merely to settle the claims of counsel for attorney's fees."

In the present case, the attorneys for the wife have not "intervened." They have already a valid order or judgment for the payment to them of their partial attorney's fees and suit money. Appellant brought respondent into court at his suit and she was compelled

to employ attorneys for defense to clear her name of the charges brought against her and to resist the granting of a divorce. The law encourages the thorough defense of all divorce actions. The statute (Rem. Code, § 988), empowers the trial court to make such preliminary order to "insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof," which is no more than was ordered in this case. This statutory provision has many times been invoked and invariably sustained. True, as we held in *Zent v. Sullivan,* 47 Wash. 315, 91 Pac. 1088, 13 L. R. A. (N. S.) 244, and in *Humphries v. Cooper,* 55 Wash. 376, 104 Pac. 606, 133 Am. St. 1036, that:

"In view of the liberal provisions of this statute (*supra*) we see no possible reason why the wife is under a necessity to pledge her husband's credit for the expense of prosecuting or defending an action for divorce in this state, or why she should have any implied power in that regard."

She did not pledge her husband's credit. The law was invoked to render him liable, and the court adjudged him liable. Here the liability of the husband is already fixed and the rights of the attorneys already, to that extent, fixed and acquired. Until reversed, that preliminary liability is final, and we held in *State ex rel. Surry v. Superior Court,* 74 Wash. 689, 134 Pac. 178, that such an order for temporary alimony, suit money and preliminary attorney's fees is a final judgment and appealable as such. This being true, and believing the order assailed was well within the discretion of the trial court under the issues and facts presented, we cannot allow the contention of appellant that the attorneys for respondent, upon the cessation of the controversy, have no right to enforce the payment of their attorney's fees and suit money under the order. The sum awarded the wife in a divorce action

as an attorney's fee is not hers, but her attorneys'. The allowance was made to her for the use and benefit of her attorneys. While the judgment stands in her name, she is a dry trustee without power to satisfy the judgment until her attorneys have been satisfied. The allowance for suit money stands upon the same footing by virtue of the terms of the order or judgment, but only to the extent of their actual necessary expenses in the "efficient preparation of her defense, in order to secure a fair and impartial trial."

The reconciliation incontestably terminates the divorce action and the allowance for temporary alimony falls therewith, as also any unexpended balance of the suit money. Nor can the attorneys now recover any other compensation unless by private and separate recovery from the wife (*Zent v. Sullivan, supra*), and are probably estopped therefrom by the force and effect of their affidavits in support of the motion for attorney's fees *pendente lite* and their notice of lien claim. But to the extent of the allowance fixed, the same is presumed to be earned, unless the court exceeded a just discretion in making the order, which we cannot find. "The laborer is worthy of his hire," even though an attorney.

The motion to vacate, set aside and annul the order is denied; the order appealed from is affirmed.

It is probably proper to determine how the remainder of the allowance should be adjusted by the trial court in view of the present situation of the parties and status of the case. The temporary alimony allowance will, of course, be remitted. Within ten days from the filing of the remittitur from this court in the superior court, the attorneys who represented respondent may file their verified cost bill of all necessary and proper expenditures paid out in preparing her case for

trial, which may be moved against by appellant in the usual statutory manner. The lower court may then examine the cost bill and showing made resisting the same and make an order in the premises as the law and facts may dictate. A further order may then be made for the payment of such suit money as may be found due and payable, which, together with the allowance of attorney's fees, shall be paid to the attorneys who represented respondent, or their order, and execution or personal attachment may be had therefor, as provided by Rem. Code, § 988. Costs are allowed to respondent or the attorneys who represented her, according to who paid them, as may duly appear.

MAIN, FULLERTON, MOUNT, and PARKER, JJ., concur.