## Schofield v. Schofield

*Stanley F. Mankas*, for plaintiff.

*George J. Ivins*, for defendant.

Bok, P. J., April 9, 1954.—Wife plaintiff's action for divorce a. m. e. t. was completed to the point of final rule and was then terminated by reconciliation.

An order was made by us for counsel fees and costs against the husband, the final amount being $338. The wife now asks us to reduce this to judgment. The husband resists on the ground that a reconciliation suspends a divorce decree and the provision for alimony: by analogy he argues that costs and counsel fee should be suspended also.

There is a vast difference between alimony, on the one hand, and counsel fees and costs, on the other. It is obviously a matter of public policy to wipe out the substantive procedure of divorce upon reconciliation, but public policy does not go so far as to present a reconciling couple with lawyers' fees and costs free of charge. If the parties make it necessary that the wheels of justice turn, they should expect to pay for the necessary lubrication, and this is just as good public policy as the other. If it were otherwise, lawyers would be shy of representing parties to divorce actions for fear that reconciliation would destroy their fees: worse, it would disincline them to attempt to reconcile the parties.

The cases reflect this view: Richardson v. Richardson, 47 D. & C. 42 (1943); Borckman's Appeal, 2 Walker 285; Yoder v. Yoder, 105 Wash. 491, 178 Pac. 474 (1918); McMakin v. Wickliffe, 16 Ky. L. R. 240.

Rule absolute.