[No. 33249.   Department One.   August 25, 1955.]

SARAH KATHLEEN McFERRAN, *Respondent*, v. EDWARD M. McFERRAN, *Appellant*.[1]

[1]Reported in 287 P. (2d) 142.

*P. R. McIntosh* and *W. S. Lewis,* for appellant.

*Jonson & Jonson,* for respondent.

SCHWELLENBACH, J.—This is an appeal from an order dismissing a divorce action.

August 17, 1954, Sarah Kathleen McFerran filed a complaint seeking divorce from her husband. She alleged cruel treatment and also alleged that there had been six prior actions for divorce between the parties, five by herself and one by her husband, and that each of the prior actions had been dismissed and the parties reconciled, upon the husband's promise to mend his ways. No statement of facts was filed in this appeal, and we must glean our information from the transcript. The record is replete with motions for restraining orders, restraining orders, motions to show cause, and orders to show cause, most of them concerning the minor child of the parties.

September 25, 1954, the defendant filed his answer and cross-complaint, seeking divorce from the plaintiff on the grounds of cruel treatment. The matter was noted for setting for trial on October 1, 1954. January 7, 1955, it was stricken from the trial calendar.

January 25, 1955, the plaintiff filed the following motion and affidavit for dismissal:

"COMES Now the plaintiff above named and respectfully moves that the above entitled action be dismissed without prejudice for the reason that the parties, subsequent to the commencement of the action, became reconciled.

"This motion is based upon the files and records herein and upon the affidavit of the plaintiff hereto attached.

"[Signed]
JONSON & JONSON

Attorneys for Plaintiff

"STATE OF WASHINGTON ⎱ ss
COUNTY OF KING ⎰

"SARAH KATHLEEN McFERRAN, being first duly sworn upon oath, deposes and says:

"That she is the plaintiff named in the above entitled action; that after the commencement of this action the plaintiff and defendant became reconciled and plaintiff has been advised by her attorney that the above action should be dismissed.

SARAH KATHLEEN McFERRAN [Signed]

"SUBSCRIBED AND SWORN To before me this 25th day of January, 1955.

BARBARA J. MacINNES [Signed]
"Notary Public in and for the State of Washington, residing at Seattle."

The attorney for the defendant acknowledged receipt of a copy of the above motion on the same day. The motion was noted for hearing on January 28, 1955. The hearing was continued, first to February 1st, and then to February 2nd. The court minutes for February 2, 1955, show that the motion for dismissal was granted, and also contain the following notation:

"Counsel for defendant gives oral notice of appeal."

The order of dismissal without costs to either party was signed and entered on February 2, 1955, and the written notice of appeal was given the same day.

Appellant contends that the court had no power to grant the order of dismissal in view of his cross-complaint seeking a divorce against respondent. He relies upon Rule 4, Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 70:

"An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, *unless the defendant has interposed a set-off as a defense, or seeks affirmative relief* growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: . . ." (Italics ours.)

█ The plaintiff's right to dismiss a divorce action will usually be denied where the defendant has cross-complained asking for affirmative relief. 17 Am. Jur. 324, Divorce and Separation, § 348. However, such a rule does not apply where it is shown that the divorce action has been terminated by the parties themselves.

In *Yoder v. Yoder,* 105 Wash. 491, 178 Pac. 474, 3 A. L. R. 1104, we had pending before us an appeal from an order allowing temporary alimony, suit money, and temporary attorneys' fees in a divorce action. Before the appeal was heard, the wife filed an affidavit to the effect that she and her husband had voluntarily settled, compromised, and adjusted all their differences, resumed their marital relations, were again living together as husband and wife, and that she had discharged her attorneys. We held that the attorneys could not be discharged without the payment of fees to which they were entitled by virtue of the court order. As to the settlement of divorce actions, we said:

"We are ever ready to encourage the amicable settlement of litigation, more especially of divorce suits. We believe it to be the duty, both of trial courts and appellate courts, to lay no straw in the way of the reconciliation of estranged spouses at any stage of the proceedings."

We also stated that "reconciliation incontestably terminates the divorce action."

If it should come to the attention of the trial court, after the institution of a divorce action and either before or during the hearing of the trial, that the parties have become reconciled, it would be incumbent on the court to dismiss the proceedings.

█ It is evident from the record that appellant's counsel was served with a copy of the motion to dismiss and that he was present at the hearing on the motion. Respondent's motion and affidavit were not contradicted, although appellant had from January 25th until February 2nd to do so. Under the circumstances, the trial court was justified in granting the motion and dismissing the action.

██ Error is also assigned to the failure to award costs to the defendant. The allowance of costs in a divorce action

is discretionary. *Pressey v. Pressey*, 184 Wash. 191, 50 P. (2d) 891. Here we find no abuse of discretion in denying costs to either party.

The order of dismissal is affirmed.

HAMLEY, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.

