[No. 34596. *En Banc.* March 26, 1959.]

LEONARD W. SMITH, *Plaintiff and Relator*, v. AGNES D. SMITH, *Defendant*, THE SUPERIOR COURT FOR SPOKANE COUNTY, Carl C. Quackenbush, Judge, Respondent.[1]

*Geo. W. Young*, for relator.

*Samuel W. Fancher*, for respondent.

MALLERY, J.—Leonard W. Smith was the plaintiff in a divorce action against Agnes D. Smith, in which she was granted an absolute decree of divorce. Plaintiff appealed and defendant was allowed an attorney's fee to enable her to resist the appeal. This award of alimony *pendente lite* was paid. The divorce decree awarded her an attorney's fee of $750, which is the subject of this action.

The attorney for whom the fee was allowed withdrew from the cause on April 27, 1954, during the pendency of the

[1]Reported in 337 P. (2d) 51.

appeal of the action, which resulted in an affirmance.

Thereafter, on May 10, 1957, the attorney procured an order from the superior court of Spokane county directing Leonard W. Smith to show cause why he should not be held in contempt of court for failure to pay the attorney fee.

The show cause order came on for hearing, and, on January 14, 1958, the trial court entered its memorandum decision stating its intention to hold the plaintiff, Leonard W. Smith, in contempt of court. It did this in reliance upon *Yoder v. Yoder*, 105 Wash. 491, 178 Pac. 474. The trial court stayed entry of the proposed order upon the condition that the plaintiff's attorney would proceed forthwith to procure from this court a writ of prohibition.

In the *Yoder* case there had been a reconciliation of the parties in a divorce action after the allowance of attorneys' fees by way of alimony *pendente lite* to enable the wife to prepare her defense to the action. The court held that the attorneys for the wife could not be discharged without payment for the services already rendered, and permitted the attorneys to collect the fee *by execution*, even though the judgment was in the wife's name. This was put upon the theory of a dry trust, because the judgment was for the attorneys' benefit. The application of this theory saved the bringing of a separate action for the attorneys' fees.

The distinction between an attorney fee allowed as part of the final judgment or decree and alimony *pendente lite* is illustrated by contrasting the *Yoder* case, where the fee was allowed by a preliminary order, and the instant one, where the fee in question was allowed to the prevailing party in the final decree.

Alimony *pendente lite* is governed by RCW 26.08.090 [*cf.* Rem. Supp. 1949, § 997-9] which provides, *inter alia*:

"*Pending an action for divorce* . . . the court may make, and by attachment enforce . . . such orders relative to the expenses of such action, including attorneys' fees, as will insure to the wife an *efficient preparation of her case and a fair and impartial trial thereof.* . . ." (Italics ours.)

Webster's New International Dictionary states:

" . . . Alimony granted pending a suit, called *alimony pendente lite*, is made to include a reasonable allowance for prosecution of the suit as well as for support; . . ."

In the *Yoder* case, involving alimony *pendente lite*, the remedy of a contempt proceeding was not used. It is not necessary to decide here whether or not it would have been available to the attorneys as well as to the wife, since the instant case does not involve alimony *pendente lite*.

■ The judgment for attorneys' fees herein is no different in nature than those in any other case, such as, for instance, in a lien foreclosure. The provisional remedies available for collection thereof do not include a contempt proceeding, because such a proceeding falls within the constitutional prohibition of imprisonment for debt.

The application for the writ of prohibition is granted.

WEAVER, C. J., HILL, DONWORTH, FINLEY, ROSELLINI, OTT, and HUNTER, JJ., concur.

FOSTER, J., concurs in the result.