[No. 36950.   Department Two.   August 20, 1964.]

JOSEPHINE DILLE, *Respondent,* v. RODGER S. DILLE, *Appellant.**

*Reported in 394 P. (2d) 901.

*Brodie, Fristoe & Taylor,* for appellant.

*Murray, Scott & McGavick,* by *Edward M. Lane,* for respondent.

HAMILTON, J.—The parties to this action were married in 1937. The marriage prospered until 1960 or 1961, when discord developed. The difficulties culminated in plaintiff-wife engaging counsel in June, 1961, and commencing this action for divorce in April, 1962. Defendant answered and counter-claimed for a decree of divorce. Pending trial, following a hearing, temporary attorneys' fees and support were by appropriate order awarded to plaintiff. Defendant complied with the order.

The action came on for trial November 19, 1962. On the morning of the third day of trial, and before plaintiff had rested her case, defendant's counsel advised the trial court and plaintiff's counsel of the possibility of a reconciliation between the parties. Following a conference between the trial court and counsel, defendant's motion for a continuance was granted. When trial resumed on December 10, 1962, defendant's counsel moved for dismissal of the action on the grounds that the parties had in fact reconciled. Plaintiff's counsel agreed that a reconciliation had been effected, stating, however, that the plaintiff desired that the court fix and award such additional attorneys' fees and costs as would compensate for legal services rendered and suit moneys expended on behalf of plaintiff's claim for relief

prior to reconciliation. Plaintiff, who was in the courtroom, affirmatively indicated this to be her desire. Defendant objected upon the ground that the reconciliation of the parties terminated the action.

The trial court overruled defendant's objection and took testimony going to the issue of the reasonable value of the legal services performed and the amount and necessity of the suit moneys expended. Thereafter and on December 31, 1962, the trial court entered an order granting to plaintiff's counsel a "judgment against the defendant and the marital community composed of the plaintiff and defendant" for such attorneys' fees and costs, less the temporary fees previously paid, as the trial court found to be reasonable and necessary.

Defendant gave timely notice of appeal, whereupon plaintiff through counsel moved in superior court for an allowance of attorneys' fees and costs on appeal. Plaintiff's motion was granted on June 10, 1963, and thereafter challenged by defendant in this court by petition for writ of certiorari. Defendant's petition was denied with his right to challenge the order being preserved to this appeal.

Defendant makes two assignments of error, first, that the trial court erred in awarding additional attorneys' fees and suit money, and second, that the trial court erred in granting plaintiff's motion for costs and attorneys' fees on appeal.

Defendant basically predicates both assignments of error upon the statement that "reconciliation incontestably terminates the divorce action,"[1] ergo, the trial court was without jurisdiction or power to do aught but grant defendant's motion to dismiss the action.

We have no quarrel with the statement that reconciliation of the parties to a divorce action terminates the action, insofar as it effectually deprives the divorce court of the power to grant a decree of divorce, divide the property of the parties, determine child custody, or continue support provisions, and, as a matter of policy, impels a

---

[1] *McFerran v. McFerran,* 47 Wn. (2d) 236, 287 P. (2d) 142; *Yoder v. Yoder,* 105 Wash. 491, 178 Pac. 474.

dismissal of the action. This is not to say, however, that the fact of reconciliation so strips the divorce court of personal jurisdiction over the parties to the action as to prohibit proper consideration of costs and attorneys' fees incurred on behalf of the wife, and to make appropriate provisions therefor in the order or judgment of dismissal. See *Thorndike v. Thorndike*, 1 Wash. Terr. 175; *Tupper v. Tupper*, 63 Wn. (2d) 585, 388 P. (2d) 225. Thus, the question is reduced to one of "policy," as opposed to "jurisdiction" or "power," that is, whether public policy, in the interest of the peaceful and harmonious adjustment of marital difficulties, requires a dismissal of the divorce action of reconciled spouses without judicial cognizance of reasonable and necessary legal expenses, justifiably incurred on behalf of a wife who is otherwise unable to provide or pay such expenses. Upon this question, there is a divergence of judicial opinion. See 92 A.L.R. (2d) 1017, § 7.

We have not heretofore passed directly upon the question thus presented, although we have held under analogous circumstances that an attorney may not intervene in such an action and seek or obtain a judgment for fees in his name, *Hillman v. Hillman*, 42 Wash. 595, 85 Pac. 61; that a wife by a fee contract with her counsel may not bind the husband, *Zent v. Sullivan*, 47 Wash. 315, 91 Pac. 1088; *Humphries v. Cooper*, 55 Wash. 376, 104 Pac. 606; and that an order for temporary attorneys' fees entered prior to a reconciliation may be enforced, *Yoder v. Yoder*, 105 Wash. 491, 178 Pac. 474.

We fully agree that underlying public policy requires both courts and counsel to clear and lay aside all obstacles to the possible reconciliation of estranged spouses, and when parties to a divorce action have settled their differences the action should be dismissed without delay. We cannot agree, however, that allowing the trial court to fix and award reasonable attorneys' fees and necessary suit money for services rendered and costs incurred prior to the reconciliation will in any way provide an obstacle to a genuine reconciliation. Fair dealing and common honesty would

demand no less, and to hold otherwise would but penalize counsel for doing his duty in facilitating reconciliation.

We accordingly conclude and hold that the trial court did not err in undertaking to fix and award the attorneys' fees and costs in the instant case.

■ The trial court did, however, err in awarding judgment for such fees and costs directly to plaintiff's attorneys. The trial court's statutory power in making such awards is limited to making them to a "party." RCW 26.08.090. Plaintiff's attorneys are not "parties" to the action, and cannot with propriety or in keeping with public policy intervene in the action. *Hillman v. Hillman, supra;* 118 A.L.R. 1138. The order entered must, therefore, be modified to make the award in the name of the wife.

In this latter respect it should be noted in passing, with respect to attorneys' fees and expenses actually incurred by counsel, that this court has characterized such an award to the wife as being for the benefit of counsel, with the wife holding the judgment as a "dry trustee without power to satisfy the judgment" until her attorneys have been paid and reimbursed. *Yoder v. Yoder, supra,* p. 497. In the *Yoder* case, we further held that counsel could enforce the award through execution or attachment.

Defendant next contends that the trial court erred in considering and granting plaintiff's motion for costs and attorneys' fees on appeal, for the reason that the sole issue on the appeal revolves about attorneys' fees and costs. Thus, defendant argues, plaintiff's motion and the granting thereof is contrary to public policy in that it requires defendant to finance plaintiff's counsel in seeking to preserve and collect their fees and incurred expenses. This, defendant asserts, in nowise conforms to the legislative and judicial intent of affording to a wife an efficient presentation of the merits of her case, at either the trial or appellate level. Furthermore; defendant contends, plaintiff wife is not an interested party.

At first blush, defendant's argument appears invitingly reasonable. Analysis, however, does not fully bear out the invitation.

First, defendant's theory avoids the inherent diminishment in fees awarded in the first instance, which would be occasioned by a rule that would invariably require counsel or the wife to bear the added expense of legal services incident to a husband's appeal from the award. Such a rule would subtly but surely undermine the legislative and judicial policy of affording to the wife an adequate and efficient preparation and presentation of the merits of her case.

Second, defendant's theory ignores the fact that the wife in a divorce action, however justified and needy she might be, is initially and primarily liable for the incurred costs and, as the contracting party, for the fees of her attorneys. Hence, when the trial or appellate court refuses, for any reason, to exercise the statutory power to award or confirm any portion of the wife's legal expenses her obligation is not extinguished. Only the husband is absolved. The wife remains personally liable. *Zent v. Sullivan, supra; Humphries v. Cooper, supra.* Thus, the wife, on an appeal by the husband challenging an award of legal expenses, retains an individual interest in the appeal sufficient in stature, under appropriate circumstances, to justify an award of attorneys' fees on the appeal.

We conclude that defendant's second contention is without merit.

Finally, defendant contends that the trial court, in response to plaintiff's motion, abused its discretion in requiring defendant, at his expense, to furnish a complete statement of facts embracing all testimony presented up to the morning of the third day of trial.

Defendant had prepared and presented for certification a short record, together with a statement of points upon which he intended to rely, in conformity with Rule on Appeal 34(3), RCW Vol. 0. With but minor exceptions, the short record contained the testimony, colloquy, motions and rulings of the trial court bearing upon the issues framed by defendant's statement of points and presented upon this appeal.

Our review of the record satisfies us that at least 300 pages of the added statement of facts is superfluous to the

issues presented. Accordingly, the cost of preparing such portion of the additional statement of facts will be allocated to and charged against the allowance awarded plaintiff as costs and attorneys' fees on appeal, the balance thereof being fixed and awarded as reasonable attorneys' fees. Plaintiff will otherwise recover costs on appeal.

As modified, the order appealed from is affirmed, and the divorce action dismissed.

OTT, C. J., DONWORTH and WEAVER, JJ., concur.

FINLEY, J., concurs in the result.