[No. 44432. En Banc. January 7, 1977.]

*In the Matter of the Marriage of* BOBBIE J. FIRCHAU, *Appellant, and* ALBERT J. FIRCHAU, *Appellant,* v. MARGARET J. GASKILL, *Respondent.*

*Allen Lane Carr* (of *Allen Lane Carr, Inc., P.S.*), for appellants.

*Breskin, Rosenblume & Robbins* and *Arnold B. Robbins,* for respondent.

HAMILTON, J.—Appellants, Bobbie J. and Albert J. Firchau,[1] have appealed an award of attorney fees and costs in their separation action. This award was made after they had secured an order of dismissal.

In May 1974, Bobbie Firchau retained respondent, Margaret Gaskill, for the purpose of pursuing a separation action against her husband Albert Firchau. Because the property interests involved were substantial, respondent advised Mrs. Firchau to retain an accounting firm and a management consulting firm in order to prepare fully for the separation action. These firms were retained by Mrs. Firchau. Soon thereafter a hearing was held, and the court entered a temporary order granting custody of the children to Mr. Firchau and requiring Mr. Firchau to pay monthly support to Mrs. Firchau during the pendency of the action. The court also ordered Mr. Firchau to pay Mrs. Firchau $16,286.44 from the community assets for $15,000 temporary attorney fees and costs of $1,286.44.

On August 8, 1974, Mrs. Firchau advised respondent that she and Mr. Firchau had reconciled and requested respondent to terminate the action. Apparently, respondent refused to terminate the action until her fees and costs had been paid. An attorney for Mr. Firchau then drew up an order of dismissal, had Mrs. Firchau sign it, and presented it to the court commissioner, who entered the order. Respondent was not given any notice of the order of dismissal.

Thereafter, respondent filed a motion for attorney fees and costs. Counsel for Mr. Firchau moved to dismiss the motion on the ground that the court had lost jurisdiction when the order of dismissal was entered. Counsel also filed a jury demand upon the issue of the reasonableness of respondent's attorney fees and costs in the event the motion to dismiss was denied. The court denied both the

---

[1]During the pendency of this appeal, Bobbie Firchau died. By order of this court dated November 5, 1976, Albert J. Firchau, administrator with the will annexed of the estate of Bobbie J. Firchau, was substituted as appellant for Bobbie J. Firchau.

motion to dismiss and the jury demand. Mr. Firchau then filed a writ of certiorari with the Court of Appeals to review the trial court's rulings on the motion to dismiss and the jury demand. This writ was denied. The trial court then took testimony regarding the attorney fees and costs and the professional fees for the accounting firm and entered a judgment for respondent against Mr. Firchau and the marital community in the amount of $32,027.44. This award included: $17,364 in attorney fees; $11,028.74 for professional fees for the accounting firm; $2,134.70 in costs; and $2,000 for attorney fees for defending the writ of certiorari and prosecuting the motion for attorney fees; less $500 which was paid to respondent as the initial retainer. Further, the trial court refused to dismiss with prejudice the claim for professional fees for the management consulting firm. It is from this judgment that appellants have taken this appeal.

Appellants do not question the sufficiency of the evidence to support the amounts of the fees in question. Rather, appellants assign error to the trial court's denial of their motion to dismiss and their jury demand. Appellants also assign error to the award of professional fees to the accounting firm and the trial court's refusal to dismiss with prejudice the claim for professional fees for the management consulting firm.

Were it not for the order of dismissal, *Dille v. Dille,* 64 Wn.2d 856, 394 P.2d 901 (1964), would control the award of attorney fees. In *Dille,* the plaintiff and defendant were reconciled after the third day of their divorce trial. Defendant's counsel moved for dismissal and plaintiff's counsel moved for an award of attorney fees and costs. Defendant objected to the award of attorney fees and costs upon the ground that the reconciliation terminated the action and the power of the court to award attorney fees and costs. This court noted that, although reconciliation impels dismissal of the action, the trial court did not lose personal jurisdiction over the parties, or the power to award attorney fees and costs. *Dille v. Dille, supra* at 858–59. Although a

prior, temporary award of attorney fees had been made, the trial court in *Dille* took testimony on the plaintiff's motion and awarded attorney fees and costs to plaintiff. When defendant indicated his intention to appeal this award, the trial court also awarded attorney fees to plaintiff for opposing defendant's appeal of the original award. This court affirmed the judgment against the defendant and the marital community composed of the plaintiff and defendant.

> We fully agree that underlying public policy requires both courts and counsel to clear and lay aside all obstacles to the possible reconciliation of estranged spouses, and when parties to a divorce action have settled their differences the action should be dismissed without delay. We cannot agree, however, that allowing the trial court to fix and award reasonable attorneys' fees and necessary suit money for services rendered and costs incurred prior to the reconciliation will in any way provide an obstacle to a genuine reconciliation. Fair dealing and common honesty would demand no less, and to hold otherwise would but penalize counsel for doing his duty in facilitating reconciliation.

*Dille v. Dille, supra* at 859–60.

Should the result be any different in this case because an order of dismissal had been entered by the parties without respondent's knowledge prior to the awarding of attorney fees and costs? We think not, at least under the facts in this case.

Although the general rule is that a court loses jurisdiction of a case after an order of dismissal has been entered, this rule is not absolute, and we will not follow it when to do so would be manifestly unjust. *See Kane v. Smith,* 56 Wn.2d 799, 805, 355 P.2d 827, 84 A.L.R.2d 660 (1960). The trial court found here that appellants procured the order of dismissal in pursuit of a scheme to avoid the payment of attorney fees and costs to respondent. Although appellants challenge this finding, there is substantial evidence in the record to support it, and we will not overturn it on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54

Wn.2d 570, 343 P.2d 183 (1959). Therefore, the trial court acted properly in denying appellants' motion to dismiss.

■ The right to a jury trial is provided for in Const. art. 1, § 21.[2] We have long held that this constitutional provision guarantees those rights to trial by jury which existed at the time of the adoption of the constitution. *Watkins v. Siler Logging Co.*, 9 Wn.2d 703, 116 P.2d 315 (1941); *Theodore v. Washington Nat'l Inv. Co.*, 164 Wash. 243, 2 P.2d 649 (1931); *State Bd. of Medical Examiners v. Macy*, 92 Wash. 614, 159 P. 801 (1916); *Garey v. Pasco*, 89 Wash. 382, 154 P. 433 (1916); *State v. Strasburg*, 60 Wash. 106, 110 P. 1020 (1910); and, *State ex rel. Mullen v. Doherty*, 16 Wash. 382, 47 P. 958 (1897). Thus, the question for our resolution is whether a right to have a jury trial upon the issue of reasonableness of attorney fees in a dissolution or separation action existed at the time of the adoption of the constitution. Appellants assert that the trial court awarded attorney fees and costs pursuant to Mrs. Firchau's retainer agreement with respondent. This was not the case. Rather, the trial court made its award under RCW 26.09.140, which provides:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.
>
> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.
>
> The court may order that the attorney's fees be paid directly to the attorney who may enforce the order in his name.

---

[2]Const. art. 1, § 21 provides, in part: "The right of trial by jury shall remain inviolate, . . ."

■ RCW 26.09.140 does not provide for a jury trial on the reasonableness of attorney fees. It grants the court power to award the fees and costs. The power of the court to require one spouse to pay the attorney fees of the other spouse has existed since prior to the adoption of the constitution. *See* Code of 1881, § 2006.[3] Inherent in this grant of power is the discretion to grant or deny the award of attorney fees and to determine the amount of the attorney fees after considering the financial resources of the parties. Because the court has complete discretion over the amount of attorney fees to award, there is no issue upon which a jury could be asked to make a decision. Thus, appellants were not entitled to a jury trial.

Appellants' final assignments of error involve the trial court's award of professional fees to the accounting firm, and the trial court's refusal to dismiss with prejudice the claim for fees for the management consulting firm. RCW 26.09.140 gives the court discretion to award "other professional fees in connection" with maintaining or defending any proceeding under RCW 26.09. The award of professional fees for the accounting firm's services was properly made under this statute. As for the management consulting firm's claim, the trial court concluded that no evidence was submitted in support of that claim and therefore the claim could not be adjudicated on its merits. The denial of professional fees under RCW 26.09.140 does not preclude the management consulting firm from prosecuting its own claim against the estate of Mrs. Firchau under its retainer agreement with her. The trial court recognized that it was not

---

[3]Code of 1881, § 2006, provided:

"Pending the action for divorce, the court or judge thereof, in vacation, may make, and by attachment, enforce such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; and on decreeing or refusing to decree a divorce, the court may, *in its discretion,* require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition, when such divorce has been so granted or refused, and give judgment therefor." (Italics ours.)

adjudicating a claim brought by the management consulting firm pursuant to its retainer agreement and, therefore, did not abuse its discretion under RCW 26.09.140 by refusing to dismiss that claim with prejudice.

The judgment of the trial court is affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.